Duncan J.,
delivered the opinion of the Court.
The broad ground taken on the part of the Mayor is, that the city councils cannot legally diminish the salary of the Mayor during his continuance of office. It has been endeavoured to support this position both on the principle of contract, and because it is forbidden by the Constitution. This cannot be considered in the nature of a hiring for a year, because it was not obligatory bn the Mayor to serve out the year. I can see no difference whether the compensation of an officer be by salary or certain prescribed fees; the one would be as much a contract as the other; and if it be contract, every justice of the peace might continue to exact such *323 fees as were allowed by law when he was commissioned, although subsequent laws had diminished the fees; so that there could? be no uniform fee bill; different fees for the same service, by different justices, might thus be demanded in the same district, any law to the contrary notwithstanding. I mention justices only, as embracing the most numerous class of officers, for the same rule would prevail with all officers. Pushed to the extent of the principle, and if it be a just one, it must hold throughout, the members of the Legislature could neither add to nor diminish their own per diem allow-’ anee, during the period for which they are .elected. Diminish it they might, if the enactment were unanimous, but add to it they never could.
These services rendered by public officers do not, in this particular, partake of the nature of contracts, nor have they the remotest affinity thereto. As to stipulated allowance, the allowance, whether annual, per diem, or particular fees for particular services, depends on the will of the law makers ; and this whether it be the Legislature of the State, or a municipal body empowered to make laws for the government of a corporation. This has been the universal construction ; and the Constitution puts this question at rest in the provision for the salary of the Governor and J udges of the Supreme Court, and/Presidents of the Courts of Common Pleas. The Gov-ernor is to receive, at stated times, for his services, a compensation which shall neither be increased nor diminished during the period for which he shall have been elected. The .Judges and Presidents shall, at stated times, receive for their services an adequate compensation, to be fixed by law, which shall not be diminished during their continuance in office. These provisions are borrowed from the Constitution of the United States. It is apparent that the compensation of the Governor and these Judges, is matter of constitutional provision—that of all other officers is left open to the Legislature. The allowance, the compensation, the salary, the fees of all other officers, and members of the Legislature, depend on the Legislature, who can, and who do change them, from time to time, as they conceive just and.right.
The Court have thus met and decided the general question ; and have not entered into any enquiry whether the additional compensation of 1000 dollars, allowed to the Mayor, by the ordinance of the I6th May, 1816, to defray *324 incidental expensed of office, can be distinguished from his general annual allowance.; because they are of opinion, that all allowances to be made him, acting not retrospectively on past services, but prospectively for services thereafter to be performed, are within the power of the councils ; and, therefore, that the ordinance of the 16th December, 1819, repealing that of the 16th May,\ 816, was a good and valid by-law ; and that the right of the Mayor to the annual'sum of 1000 dollars, in addition to the salary prescribed by former ordinances, no longer existed. The rule is, therefore, discharged.
Rule discharged.