Nov. Term,
1855.

Turpen
v.
The Board
of Commis-
sioners of
Tipton Co.

TURPEN *v.* THE BOARD OF COMMISSIONERS OF TIPTON
COUNTY.

The legislature may attach additional duties to an office without increasing
the compensation, or change, at pleasure, the rate of compensation for
official services.

Officers entitled to fees or salaries take their offices *cum onere;* and their ser-
vices are *official* and are not *particular* within the meaning of section 21 of
article 1 of the constitution.

County recorders are not entitled, after having completed the general index of
deeds and mortgages, to compensation for keeping it up afterwards.

*Friday,
December 7.*

APPEAL from the *Tipton* Circuit Court.

STUART, J.—*Turpen* was the recorder of the county.
As such he filed with the commissioners a claim in these
words, viz.:

" *The Board of Commissioners of Tipton County* debtor
to *Sylvester Turpen,* recorder: To making general index
for book '*D*' of *Tipton* county, (since *December* term,
1852,) deed records, containing 43,500 words, at 15 cents
per hundred words, making 65 dollars."

The commissioners refused to allow the claim. *Turpen*
appealed to the Circuit Court.

In that Court the cause was submitted on this agreed
state of facts, viz.: It is admitted, on the part of the de-
fendants, that the facts stated in the plaintiff's complaint
are true; and it is admitted by the plaintiff that the de-
fendants, as commissioners of said county, once made an
allowance for completing the general index to deeds and
mortgages in said county; and that in this proceeding he
is simply seeking to recover compensation for keeping up
and continuing such general index.

On this state of facts, the Circuit Court found for the
defendants, and *Turpen* appeals to this Court.

The act under which *Turpen* claims, is chapter 90, 1 R.
S., p. 427, and the amendment thereto. The first and
second sections require the recorders of each county to
make out, when the same has not been previously done, a
complete or general index to all the records of deeds for
real estate in his office, and a separate general index for

Nov. Term,
1855.

TURPEN
v.
THE BOARD
OF COMMIS-
SIONERS OF
TIPTON Co.

mortgages. The third section requires that after the completion of these indexes, each recorder shall keep up the general index, as deeds, &c., come in for record. Such is the duty required. The fourth section points out the extent of the compensation, in these words: "The board doing county business, shall allow the recorder, out of the county treasury, such compensation *for making such complete or general indexes* as shall be deemed reasonable and just; and it shall be the duty of such recorder to keep up and continue such index, in the manner aforesaid, as deeds and mortgages shall from time to time be recorded." *Id.* 428.

The extent of the allowance to be made by the county board, is clearly expressed. It is for completing the general index. This seems the whole extent of the allowance which the board are authorized by the act to make; for the third and fourth sections both provide that after the index is once completely brought up, the keeping it up shall be a part of the duties of the recorder's office.

That the legislature may attach additional duties to an office, without increasing the compensation, or, which is equivalent, change the rate of compensation for official services when they please, will not be doubted. It is not in the power of the legislature to require the particular services of the citizen without just compensation. *Blythe* v. *The State*, 4 Ind. R. 525. But it is clearly competent for the legislature to require more official labor for the same compensation, or reduce the compensation for the same labor. The distinction between *particular* services and *official* services was properly taken in a recent case in this Court. *Falkenburgh* v. *Jones*, 5 Ind. R. 296. It was there held that officers entitled to fees or salaries fixed by law, take their offices *cum onere;* and that their services are official, and not particular, within the meaning of the constitution.

So far, therefore, as the act referred to is concerned, the recorder is clearly not entitled to recover. The keeping up of the general index was added to his duties by the legislature, without any additional fees; and if, by the

operation of that act, the services of the recorder were not. adequately compensated, he could at any time relieve himself from the toils of office by resignation.

The act of *March* 2, 1853, entitled "an act to amend an act entitled an act authorizing recorders to make complete indexes," &c., is still more explicit. The proviso to the second section is, that nothing in this section contained shall be construed to require the board doing county business to make further allowances to any recorder on account of work done under the law hereby amended, than was stipulated and agreed upon, or than has been paid or accepted for such services. Acts 1853, p. 114. This act contains nothing favorable to *Turpen*, even if it be the law. 5 Ind. R. 327. He has clearly no right of action against the county.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Moss*, for the appellant.

*J. Green* and *W. Garver*, for the appellees.