SHACKELFORD, J.,
delivered the opinion of the Court.
This hill was filed in the Chancery Court at Memphis, against the Mayor and Aldermen, to enjoin and restrain them from the repeal of an ordinance, under which he, (the complainant,) was elected Chief of' the Fire Department, for the 40th year of the corporation of the City of Memphis, beginning in June, 1866, and ending in June, 1867. He states he was legally inducted into office, and that he has satisfactorily discharged the duties thereof up to the filing of this hill.
The Board of Mayor and Aldermen sought to remove him, by electing another, and went through the forms of an election. This was without cause on his part. They were enjoined from this proceeding — the Court determining this was void. They then sought to accomplish their purpose by abolishing the office, to defeat complainant of his rights and to effect his dismissal. An ordinance has been introduced, and passed the first reading of the board, and will become a law of the corporation, unless restrained by the action of the Court. That this is a violation of law and the rights of the complainant, as the office is worth $250 per month. An injunction was prayed for and granted. The defendants demurred to the bill, and for cause of demurrer, assigned the following: The office of Chief of Fire Department, is an office created by an ordinance of the City of Memphis, and can be repealed by an ordinance of the same board. Secondly, an officer elected to an office, has no such right in an office as to make it a vested right, so as to prevent the abolition of said of *433 fice by the corporate authorities. .Other causes were assigned; hut it is unnecessary to notice them. The Chancellor allowed the demurrer, and dismissed the bill; from which the complainant has appealed.
The only question presented for our consideration, is: When the power is vested in a corporation, to pass an ordinance creating an office, can they repeal the ordinance, after it is filled by an election of the board, before the expiration of the time for which the incumbent was elected? By the 5th sec. of article 2d, of the City Charter, it is provided, there shall be such other officers and agents of the corporation, as may be provided by ordinance, to be elected by the Board of Mayor and Aldermen, and to perform such duties as may be prescribed by ordinance. Under this section, an ordinance was passed, creating the office of Chief of Fire Department. It was provided, he should be elected annually, upon the nomination of the Mayor, unless sooner removed by the Board; that he should hold his office during the corporate year in which he is elected, and until his successor is elected and qualified. He shall give bond, etc.: 1st Sec., Art. 1st, Chap. 4th, Bridges’ Digest, 122. The other sections of the article define the duties of the officer, etc. The powers of a corporation are derived from its charter. This instrument creates it an artificial being; it is the fundamental law, and is, in its terms and spirit, as a Constitution to the petty legislature of the body acting by and under it. The power being given, under the charter, to create, by ordinance, such offices as may be necessary to carry into effect the purposes of a corpo *434 ration, with power to fill them, it necessarily follows, haying the power to create the office, it has the right to abolish it: Angell & Ames on Corporations, 327. The Mayor and Aldermen of a City, acting under the authority of their charter, have the same power over the subject matter delegated to them, and within the scope of their charter, as a legislative body acting under the authority of the Constitution. They are both governed by the provisions and restrictions contained in the instrument from which they derive their powers. The Legislature has the right, under the Constitution, to create such inferior Courts, from time to time, as they may deem for the interest of the people. Under this provision of the Constitution, they have, at various times, established Courts, and abolished them. The right has never been questioned. The persons who thus fill the offices vacated, do not hold them by contract; they have no vested right in them. This Court held, in the case of Haynes vs. The State, 3 Humph., 480: “The Legislature have the power to modify or reduce the compensation of public officers, during the time such officers may be .appointed, in all cases where such power is not taken away by express provision of the Constitution. The law fixing the compensation to be allowed for the discharge of the duties of an office, does not constitute a contract with the officer who may be appointed, within the meaning of the Constitution of the United States. He takes the office, with the liberty to relinquish it at any time he sees proper, and with the understanding that it is subject to legislative control.” In the case of The People vs. Livingston, 6 Wend, 531, *435 it to Reid, the Legislature could take away, hy Statute, what was given hy Statute, if no vested right intervened. Upon this point, also see 6 Serg. & Rawle, 322; 18 Maine, 109. The question under consideration, came before the Supreme Court of Missouri, Prim vs. The City of Carondolet: 2 Missouri Reports, 22. The Court say: “The City Counsellor of Carondolet is an officer of the corporation; the office was created by ordinance, it can be destroyed by ordinance; there is no contract between the City and her Counsellor for so much pay, for so much work. The City creates the office; but it cannot make the plaintiff take it, or hold it; after he had commenced to perform his duties he had no vested right in the office, and he can claim no salary after the office has ceased to exist.” These principles are founded in reason and sound public policy.
It follows, therefore, the Mayor and Aldermen of the City of Memphis, having the power, under the provisions of their charter, to create, by ordinance, the office which the complainant had been elected to fill, have the right to repeal the ordinance creating it.
There is no error in the decree of the Chancellor, and it will be affirmed.