## THE TOWN OF CARLYLE

*v.*

## LEVI SHARP.

FEES—*of police magistrates—town of Carlyle.*  Under the law regulating fees of the police magistrate of the town of Carlyle, that officer is not authorized to charge a fee of two dollars per day for the trial of causes, except in actions of forcible entry and detainer.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an agreed case in the court below, in which there was a verdict and judgment for the defendant.  The plaintiff appeals to this court, and assigns for error the judgment of the court below.  The facts presented by the record appear in the opinion of the court.

Mr. H. K. S. O'MELVENY, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an agreed case in the Circuit Court of Clinton county.  It is agreed that appellee was the police magistrate of the town of Carlyle, duly commissioned and qualified.  It is conceded that the trial was had for which the fee is charged, but it is denied that the law has authorized him to charge two dollars per day for each trial against the town, where the town is a party.  The ordinance read in evidence declares, that the police magistrate shall be allowed the same fees in all cases wherein the town is a party as are allowed to justices of the peace by the laws of the State in force in the year 1867, and by all subsequent laws.

The ordinance does not profess to change the statute on the subject of fees allowed to the police magistrate. But even if it had, it could not have had such a result, as the fees of that officer are fixed by the statute of the State, and the town authorities are powerless to repeal, amend, or in any manner modify the laws adopted by the general assembly. When fixed by the legislative power of the State, municipal bodies are as powerless to repeal them as are individuals. Such bodies are equally bound by the laws as persons. They derive all of their powers from the general assembly, and must conform to them.

By a reference to the act which creates the office of police magistrate it will be seen that it confers the same jurisdiction, powers and emoluments as pertain to justices of the peace. (Gross' Comp. 408, sec. 145.) This regulates the fees which that officer is authorized to receive for duties he may perform in his official character. Under the law creating the office, he could, then, have only charged the fees allowed to justices of the peace under the laws then in force. And the law then allowed no such charge. It is true, that a justice of the peace could make such a charge, under the law as it then stood, for trying an action of forcible entry and detainer, but no ingenuity can torture that provision so as to authorize the allowance of such a fee in any other case.

By a reference to the act of 1867, p. 113, which fixes the fees of justices of the peace, it will be seen that no such fee is enumerated. There is no fee allowed by that law for the trial of any case, and hence that act does not warrant such a charge.

We have been able to find no law which sanctions it, nor has reference been made to any by appellee. It is a rule of law, that is inflexible, that an officer can only demand such fees as the law has fixed and authorized for the performance of his official duties; and the law having failed to authorize the fee charged in this case, there is no pretense of warrant for its allowance.

The court below therefore erred in rendering judgment against the town for the fee of two dollars charged for the trial of the cause in which it was made, and the judgment must be reversed.

*Judgment reversed.*