## LOCKE *v.* THE CITY OF CENTRAL.

No assumpsit is implied on the part of a municipal corporation in respect to services performed by one of its officers, for which the ordinances allow no compensation.

*Error to District Court of Gilpin County.*

JUDGMENT of nonsuit was entered against the plaintiff in the court below.

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. H. M. ORAHOOD, for defendant in error.

THATCHER, C. J. In April, 1874, Bradford H. Locke was duly elected by the council of the city of Central, as city surveyor for the then ensuing municipal year. His general duties were prescribed by ordinance; which also provided that he should "perform such other duties as might be enjoined upon him by ordinance or resolution of the city council." The same ordinance prescribed the compensation he should receive for surveying, subdividing or giving the grade of any lot or piece of ground within the city, and furnishing a certificate thereof — which compensation was to be paid by the parties at whose request such work was done. The ordinance is silent as to fees to be paid the city surveyor for all other services. It was admitted at the trial that he had received full compensation for such work as the

ordinance prescribed fees. The suit was instituted to recover for the performance of various duties, imposed upon him by ordinance or resolution, for which no fees were fixed. The plaintiff proceeded upon the notion that upon an implied assumpsit he was entitled to recover from the municipal corporation whatever his services were reasonably worth for the discharge of all duties for which the ordinance allowed no compensation.

It is competent for the city council to increase or diminish the fees pertaining to the office of city surveyor, or abolish them altogether. Its incumbent, if the fees be diminished or entirely taken away, may at once resign. As the relation between himself and the city does not rest upon contract, he is not legally bound to continue his services until the expiration of his term. But having accepted the office, as long as he performs its duties, the measure of his compensation must be determined by the city authorities.

Where the relation of employer and employee exists both parties are bound by the terms of the contract. If either party violates his agreement with the other, he may sue for breach of contract. If the employer discharge the employee before the expiration of his term of service, he can be made to respond in damages. But between a municipal corporation and its officers, a very different relation exists. If an officer neglects to perform his duties, the municipality has no remedy against him for breach of contract. At his pleasure he may relinquish his office. His remuneration for services to be rendered may, in the absence of any charter restriction, be changed from time to time at the will of the city council In the *City of Hoboken* v. *Gear*, 3 Dutcher, 278, the court says: "An appointment to a public office, therefore, either by the government or by a municipal corporation, under a law fixing the compensation and the term of its continuance, is neither a contract between the public and the officer that the service shall continue during the designated term, nor that the salary shall not be changed during the term of office. It is, at most, a

contract that while the party continues to perform the duties of the office *he shall receive the compensation which may from time to time be provided by law.*"    See, also, *Baker* v. *The City of Utica,* 19 N. Y. 326 ; *Smith* v. *The Mayor of New York,* 37 id. 520 ;   *The Commonwealth* v. *Bacon,* 6 Serg. & Rawle, 322.

As the city surveyor entered upon the performance of the duties incident to his office with reference to the provisions of the city charter and ordinances, no assumpsit is *implied* on the part of the corporation in respect to his services.    1 Dill. on Mun. Corp., § 169, and cases cited.

That during the year the plaintiff in error served the city of Central the duties of the city surveyor were more onerous than usual, by reason of the great fire that had destroyed a large portion of the city, cannot be held to affect or modify the rule here laid down.   A departure from it cannot but be fraught with mischief to the public service. Whether the dictate of common honesty, under the peculiar state of facts presented by the record in this cause, should have prompted the city council to make the city surveyor additional allowance for his services, it is not our province to determine.

It will follow from what we have before said in relation to implied assumpsit, that the offer to prove that the city council had paid its former " surveyors on bills presented from time to time *irrespective of said ordinance*" was properly rejected.

The judgment of the court below is affirmed with costs.

*Affirmed.*