Filed May 16, 1884.

---

No. 11,423.

YEAGER v. THE BOARD OF COMMISSIONERS OF GIBSON COUNTY.

COUNTY SUPERINTENDENT.—*Statistics.*—*Fees and Salaries.*—The duty imposed on the county superintendent of schools to make reports to the bureau of statistics, by section 5720, R. S. 1881, is an official duty imposed upon the officer, for which he is not entitled to compensation.

From the Gibson Circuit Court.

*H. A. Yeager*, for appellant.

*L. C. Embree* and *M. W. Fields*, for appellee.

FRANKLIN, C.—In January, 1883, appellant, as county superintendent of common schools, filed a claim before the board of commissioners for nine days' service in making statistical reports to the chief of the bureau of statistics, in September, 1882, at $4 per day—$36. The claim was disallowed by the commissioners, and the plaintiff appealed to the circuit court, where a demurrer was sustained to the claim. The plaintiff has appealed to this court, and assigned as error the sustaining of the demurrer.

The objections to the statement of the claim are that it does not aver that the services were rendered for the use of or at the request of the county, or at the request of the chief of

the bureau of statistics; and it is insisted that the county is not liable to pay for such services.

The claim, as stated, would certainly not be a sufficient complaint in a suit commenced in the circuit court. But as a claim before the board of commissioners, it informs the defendant of the nature of the claim, and states facts sufficient to bar another action for the same thing, and is sufficient in form. *Board, etc.*, v. *Ritter*, 90 Ind. 362; *Board, etc.*, v. *Armstrong*, 91 Ind. 528; *Newsom* v. *Board, etc.*, 92 Ind. 229. The main question is as to whether the county can be held liable to pay for such services.

A county superintendent of public schools is a county officer, whose general duties are to superintend the schools of the county. R. S. 1881, section 4429.

The 4433d section provides for his compensation, the first part of which reads as follows: "The county superintendent shall receive four dollars for every day actually employed in the discharge of the duties required by this act. But before the county commissioners shall allow his per diem, the same shall be presented in a bill of account, stating, in separate items, the nature and amount of service rendered on each day for which he claims compensation; which bill of account shall be verified by affidavit to the effect that the same and each item thereof is just and true."

The services for which the county is liable to pay the superintendent of common schools four dollars per day must be such as are contemplated and provided for by this act.

The act of March 29th, 1879, providing for the bureau of statistics, provides for the appointment of a chief, " who shall have power to employ such assistants as he may deem necessary, and said officer and assistants shall constitute the Indiana Bureau of Statistics and Geology, with headquarters to be furnished by the State."

The 5719th section, R. S. 1881, reads: " The duties of said bureau shall be to collect, systematize, tabulate, and present

in annual reports, as hereinafter provided, statistical informa-
tion and details relating to agriculture, manufacturing, min-
ing, commerce, education, labor, social and sanitary condition,
vital statistics, marriages, and deaths, and to the permanent
prosperity of the productive industry of the people of the
State."

The 5721st section provides that the compensation of the
chief of said bureau shall be $1,200, to be paid out of the
state treasury, which is all the compensatory provision made
for any services rendered by, or connected with, the bureau.

The bureau appears to be a State, and not a county insti-
tution.

The 5720th section provides for its duties, and reads as fol-
lows : " It shall be the duty of the several city, incorporated
town, county, and township assessors, trustees, officers of school
boards, and boards of health, in their respective cities, towns,
counties, and townships ; the agents or superintendents of all
manufacturing, mining, and mechanical establishments ; the
managers and superintendents of all corporations, manufac-
turing, mechanical, and transportation companies and associa-
tions ; and county superintendents of schools,—to make reports
and answer questions relating to the duties of said bureau,
upon such blanks as may be furnished to them for such pur-
poses by said bureau."

The duty here imposed upon the county superintendent of
common schools forms no part of his official duties under the
school law, and the county is no more liable to pay him for
services in the discharge of these new duties imposed in re-
lation to a state institution, than it is to pay any one or all of
the other persons required to perform similar services. To
pay for such services was certainly never contemplated by the
Legislature in the passage of the statistical bureau statute, or
it would have made some provision for such compensation.

The office of county superintendent of schools is a creature
of the Legislature, and the power that created can change or

abolish it at pleasure, and place such restrictions and limitations around it, and require such duties to be performed by the person holding it, and declare what compensation shall be received for the discharge of all or any part of its duties, as the Legislature may deem right and proper. The person who accepts and assumes to act in the office takes it *cum onere*, not only of existing duties, but subject to such as may thereafter be legally imposed, and subject to such rights and liabilities as to compensation as the Legislature has or may declare. If the Legislature imposes burdensome or unremunerative duties, he must perform as required or resign the office. ·Such duties are official, and not particular services, under the Constitution, which can not be required without just compensation. *Turpen* v. *Board, etc.*, 7 Ind. 172; *Coffin* v. *State*, 7 Ind. 157; *Board, etc.*, v. *Blake*, 21 Ind. 32; *Board, etc.*, v. *Templer*, 34 Ind. 322; *Blakemore* v. *Dolan*, 50 Ind. 194; *Falkenburgh* v. *Jones*, 5 Ind. 296; *Rawley* v. *Board, etc.*, 2 Blackf. 355.

There was no error in sustaining the demurrer to plaintiff's claim. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed May 16, 1884.