[No. 3777.]

THE BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY v. LEONARD.

1. APPELLATE PRACTICE—EXCEPTIONS—SUFFICIENCY OF COMPLAINT. The sufficiency of a complaint to state a cause of action may be questioned for the first time on appeal, hence a failure to except to a ruling on a general demurrer is immaterial.

2. FEES AND SALARIES—COUNTY CLERKS—STATUTORY CONSTRUCTION. Section 812, Mills' Ann. Stat., provides that county clerks shall receive a reasonable compensation for such services as they shall perform as clerk of the board of county commissioners, where no specific fees are allowed by the board and paid by the county, provided that in any county of the third class the board of commissioners shall not allow, and there shall not be paid by the county to any such clerk more than the sum of $600 in the warrants of the county per annum. *Held*, that the proviso applies to and limits the compensation of the clerk as well where his fees are specific and fixed as where he is to be paid a reasonable compensation; and that his entire compensation for service to the board, both in fixed fees and reasonable compensation, is limited to the maximum amount of $600.

3. FEES AND SALARIES—PLEADING. In an action by a county clerk against the board of county commissioners for compensation for services, the complaint must allege either that nothing had been paid, or that the amount paid him as clerk of the board was less than the statutory limit and was not a reasonable compensation for the services performed.

4. FEES AND SALARIES—COUNTY CLERKS. A county clerk, in his capacity as clerk of the board of county commis-

sioners, is required to perform all services clerical in their nature, in connection with matters within the scope of the authority of the board, which are necessary to enable it to perform its duties with espect to such matters, and he is not entitled to fees for such services outside of his compensation as clerk of the board.

5. SAME.

A county clerk as clerk of the board of county commissioners is not entitled to compensation for services in relation to matters over which the board attempted to exercise a control, but which were not within the legitimate scope of its authority.

6. SAME.

A county is not liable to the county clerk for compensation for services performed in the discharge of duties imposed upon him by law and for which no compensation is provided by statute.

*Appeal from the District Court of Garfield County.*

APPELLEE, as plaintiff in the court below, brought this action to recover from appellant, as defendant, the sum of $4,197.40, which he claimed as statutory fees due him for services rendered as clerk of the board of county commissioners, and for fees and the reasonable value of services performed as county clerk of Garfield county, between January 10, 1888, and January 1, 1891. On the first trial of the cause, the district court held that appellee was not entitled to recover anything. From this judgment he sued out a writ of error to the court of appeals, where it was held that section 812, Mills' Ann. Stats., entitled him to his statutory fees for services rendered in the capacity of clerk of the board, for which fees were fixed by law, in addition to a reasonable compensation, not exceeding $600 per annum, for such services as he performed in that capacity, for which no fees were provided; and with reference to his account claimed to be due for services as county clerk, held that upon the performance in that capacity of duties enjoined by statute, for which compensation was provided, he was entitled to his statutory pay; for the performance of statutory duties for which no compensation was provided, he was not; and for the performance of duties not statutory, under the direction of the board by virtue of its general powers, for which a fee was fixed for

services of that character, that he was entitled to such fee, or, if none was provided, then to a reasonable compensation therefor, and remanded the cause for a new trial.  *Leonard v. Garfield County*, 8 Colo. App. 338.

Prior to the first trial on the merits, a demurrer to the complaint was interposed, which was overruled, to which ruling no exception was reserved.  Defendant, as a special defense to the claim for fees as clerk of the board, pleaded the allowance and payment to appellee of the sum of $600 per annum for services as its clerk, for the years embraced within the period in which the services for which such fees were claimed, were rendered.  By replication, the averments of this defense were denied.  On retrial the district court, following the views expressed by the court of appeals, on a consideration of the evidence introduced by appellee, which was received without objection (none being offered on the part of appellant), rendered judgment for appellee in the sum of $2,787.75 and interest, amounting, in all, to $4,005.33, from which defendant prosecutes this appeal.  On behalf of appellee, the evidence, in substance, was that he had rendered the services for which specific fees were charged, and as to those for which no fees were provided by law, he performed such services, and that they were reasonably worth the respective sums claimed.  Counsel for appellant contends that the complaint does not state a cause of action, nor does the evidence support the judgment rendered.  Counsel for appellee combats each of these propositions, and insists that as no objections were interposed, or exceptions saved to the introduction of evidence, its materiality or sufficiency to sustain the judgment cannot be inquired into on a mere exception to it; and further, that no exception having been reserved to the overruling of the general demurrer to the complaint, the sufficiency of the latter will not be reviewed in this court.

Mr. JOHN T. SHUMATE (Mr. HENRY T. SALE and Mr. C. W. DARROW of counsel), for appellant.

Mr. JOSEPH W. TAYLOR, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

The questions raised by counsel for appellee on the propositions that the ruling on the demurrer to the complaint cannot be reviewed, or the materiality or sufficiency of the evidence to support the judgment rendered be determined, because no exception was taken to such ruling, and that no objections or exceptions were interposed to the introduction of evidence, will first be considered.

The question of the sufficiency of a complaint may be raised for the first time on appeal, and therefore, the failure to reserve an exception (if one was necessary), to the ruling of the trial court, on the general demurrer, is immaterial, because a failure to interpose it below would not be a waiver of the right to raise the question of the sufficiency of the complaint on appeal, and certainly, having demurred (although no exception was taken to the ruling), appellant is not in any worse position than if no demurrer had been interposed at all. The complaint sets out with great particularity the services rendered by appellee, and the itemized respective charges therefor, whether in the nature of statutory fees or reasonable compensation, and from the questions raised by appellant, the decision of this case depends entirely upon whether or not the complaint states a cause of action, and it, therefore, becomes unnecessary to pass upon the proposition, that the materiality or sufficiency of the evidence, in the absence of an objection or exception to its introduction, cannot be determined or reviewed, on a mere exception to the judgment. The sufficiency of the complaint must be tested by a construction of the statutes in force relative to the duties, fees and compensation of a county clerk in his several capacities during the period for which appellee was elected to that office, and rendered the services which are the subject-matter of this action, or, otherwise expressed, whether the items of his account constitute a proper charge against the county.

We shall first consider his claim for fees as clerk of the board. The statute relative to this compensation in that

capacity reads : "Such clerk shall receive a reasonable compensation for such services as he may perform as clerk of the board, where no specific fees are allowed by the board, and paid by the county ; *provided*, that in any county of the third class the board of commissioners shall not allow, and there shall not be paid by the county to any such clerk, more than the sum of six hundred dollars, in the warrants of the county, per annum." Laws, 1885, sec. 1, p. 161 ; Mills' Ann. Stats. sec. 812. This section was amendatory of section 557, Gen. Stats., which reads : "Such clerk shall receive a reasonable compensation for such services as he may perform as clerk of the board, where no specific fees are allowed therefor, the same to be allowed by the board and paid by the county."

Garfield is a county of the third class, and the contention of appellee is that the only change made by the amendment of 1885 was to limit the amount which the clerk of the board in counties affected thereby should receive for services in that capacity, for which no specific fees were provided by law ; or that, under this section as amended, he was entitled to statutory fees for services performed, for which fees were provided, and for other services not embraced in the schedule of fees, he was to be paid a reasonable compensation, not exceeding $600 per annum. The legislature having passed this section, as an amendment to one which governed compensation of clerks of boards of county commissioners, it must be presumed that a distinct change was intended to be made in the law relative to the pay of such officials. The proviso added to the new section is a limitation which is an entirely new feature, as compared with the one which it amends. Had the legislature intended that this proviso was the only change to be made, it is not probable there would have been any difference in the phraseology of that portion of the new section which precedes it from that employed in the original. The latter provided that the clerk should receive a reasonable compensation for such services as he performed as clerk of the board, where no specific fees were allowed therefor. Whether by this section it was intended that he should receive statu-

tory fees, or that his compensation should be fixed by the board by arranging for specific fees for certain services, and a reasonable compensation for those for which no specific provision was made, it is not necessary to determine; but conceding that its language in respect to statutory fees may be ambiguous, this ambiguity is cured by the amendment, for by the latter it was clearly the intent of the legislature, from the language employed, that the board should arrange in advance for specific fees for specific services, and, in addition, pay a reasonable compensation for such services, for which no such provision was made; so that the entire compensation of the clerk of the board, by the amendment, was placed under the control of the commissioners, subject to the one limitation, which will next be considered. This limitation is embraced in the proviso, and the only question necessary to determine, so far as it affects this case, is, to what does the proviso refer?

The subject of the original, as well as the amended, section is compensation. By the former it was not expressly limited, but the latter provided that the clerk of the board shall be paid a reasonable sum for services for which no specific fees are allowed by the board, and paid by the county; but that in no event shall the board allow him, as a charge against a county of the third class, a sum in excess of $600 per annum. Or, in other words—for specific fees, the same was to be fixed and allowed by the board, if paid by the county; and so with respect to reasonable compensation, but the aggregate allowance, whatever might be the basis of computation, cannot exceed the maximum sum. It is to this subject that the proviso is directed, for it is explicit in this particular, and refers to and limits his compensation, however determined, to a specific amount.

The only remaining question necessary to consider in connection with this branch of the case, is, whether or not a material issue was tendered by the affirmative defense pleaded by appellant. Appellee is not suing for a reasonable compensation for services as clerk of the board, but for fees which

he claims are due him in that capacity. The limit of his compensation in any one year is $600, whether computed as fees fixed by the board, or on the basis of a reasonable value for services rendered, but in either event, under its control; so that in order to state a cause of action against the board for services as its clerk, upon whatever theory he sought to maintain it, it would be necessary for him to plead that nothing had been paid, or the amount paid him as clerk of the board (less than the statutory limit) was not a reasonable compensation for the services performed; and, therefore, the issue tendered by the affirmative defense was an immaterial one, and the failure to introduce evidence in support of it, does not affect the rights of appellant in this case.

We will now consider the account of appellee for fees and reasonable compensation for services claimed to have been performed as county clerk. Without attempting to notice them in detail, it will be sufficient to state that for many of these items, the compensation claimed is for services rendered as clerk of the board, because appellee, in that capacity, would be required, in the discharge of his duties, to perform all such services, clerical in their nature, as would naturally attach to that position in connection with matters over which the board exercised a control, within the scope of its authority, which would be necessary to enable it to fully perform its duties with reference to such matters (*Roe v. County of Kern*, 72 Cal. 353; Mechem's Public Officers, § 862); or if they related to those over which the board attempted to exercise a control, which were not within the legitimate scope of its authority, then the claim of appellee for services rendered in connection with such matters could not be sustained. *Roberts v. People*, 9 Colo. 458.

The remaining items in this account consist of claims for services performed, which are public in their character, like giving election notices, canvassing vote, recording abstract of official vote, issuing certificates of election, preparing tax list of county and state taxes and other services of a similar nature. The performance of these duties devolved upon

appellee in his capacity as county clerk. The statute does not provide that for services rendered for which no special fee or other remuneration is provided, the county clerk shall be paid a reasonable compensation; no implied assumpsit existed between appellee and the county for services rendered by him in the capacity of clerk for which no fees were specially fixed by law. *Locke v. City of Central*, 4 Colo. 65; 1 Dillon's Municipal Corporations (4th ed.), § 330; *Baker v. City of Utica*, 19 N. Y. 326. For none of the services rendered, the account for which is now being considered, is any specific fee provided, unless it be upon the theory that the sections of the statutes which fix specific fees for different particular services, entitle him to compensation for all services rendered of the character which are embraced within the general schedule of fees, and though public in their nature and imposed by law must be paid for by the county. The statute fixing the fees of a county clerk for specific acts, contemplates that his official services embraced within the schedule of fees, shall be paid for by those at whose instance they are rendered, at the rate fixed by such schedule. Upon what theory, then, can it be maintained, that when he performs official duties imposed by law for which no compensation is provided, he shall be paid therefor by the county, in the absence of any provision to that effect? The performance of duties enjoined by law is not of itself, the rendition of services at its instance, and to hold that the county must pay therefor, would create a liability against it which has no existence, either expressly or by implication, and result in injecting into the law, a provision entirely foreign to its letter and spirit. Some of these services may have been for the benefit of the county, others for the state, and still others for individuals; but why should those in which, as a matter of fact, the county has no interest, be paid for by the latter? There is nothing in the statutes which would warrant the conclusion that it should. They are all clearly of a character known as gratuitous, for the rendition of which the county is not responsible, in the absence of an express statutory provision, making it liable

therefor.   19 Ency. of Law, 526; *State v. Brower*, 59 Ala. 130; *Bicknell v. Amador Co.*, 36 Cal. 237.   When appellee assumed the duties of his office, he did so subject to its burdens. *Turpin v. Board of Commissioners*, 7 Ind. 172.   His compensation for official acts being regulated by statute, he is only entitled to charge for those services to which compensation by law attaches (*Debolt v. Trustees, Cincinnati Twp.*, 7 Ohio St. 237), for the rule is inflexible, that an official can only demand such fees or compensation as the law has fixed and authorized for the performance of his official duties (*Town of Carlyle v. Sharp*, 51 Ill. 71; *Board of Commissioners v. Barnes*, 123 Ind. 403), and the statute having imposed upon appellee the duty of performing services which he incidentally rendered in the discharge of his general official duties for the performance of which no compensation is provided, cannot require the county to pay therefor.   His remuneration for such services was had in the compensation received for those to which it specially attached, and which the legislature intended as an equivalent for the duties he was required to perform, for which none was provided.   *Cole v. White*, 32 Ark. 45.

The complaint does not state a cause of action, and as none of the items of account sued upon, are a proper charge against the county, the judgment of the district court is reversed, and the cause remanded, with directions to enter judgment that appellee take nothing by his action, and that appellant recover its costs.

*Reversed and remanded.*


MR. JUSTICE GODDARD dissents from the construction placed on section 812, Mills' Ann. Stats., in so far as it is held that the right to statutory fees thereunder, does not exist.