[No. 4121.]

## CITY OF DURANGO V. HAMPSON.

1. CITIES AND TOWNS—SALARIES AND FEES OF OFFICERS.

An official can only demand such fees or compensation as the law has fixed and authorized for the performance of his official duties Where the ordinances of a city provided for an annual salary for the street supervisor and provided for no fees or compensation for serving notices to build sidewalks, the supervisor is entitled to no compensation for such service.

2. SAME.

Where the ordinances of a city provided that where more than three men were employed, the street supervisor should give his entire time and attention to the supervision of such work and should receive for his services in addition to his annual salary two dollars for each day so employed, the supervisor is not entitled to compensation for supervising such work where the evidence shows he gave no attention whatever to overseeing the work and was not present when it was done and that his failure to oversee such work did not result from any fault of the city.

*Error to the County Court of La Plata County.*

Action by defendant in error, as plaintiff, to recover from the city of Durango the sum of $58.95, alleged to be due him for services performed as street supervisor. From a judgment in favor of the plaintiff in the sum of $17.00, the city brings the case here for review on error.

Mr. T. J. JACKSON, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The first item of plaintiff's account is for the service of sixty-three notices to build sidewalks, which, he claims to be reasonably worth the sum of $15.75.

The ordinances of the city prescribing the duties and compensation of the street supervisor make no provision for services of this character. They do provide that the street supervisor shall receive an annual salary of sixty dollars, payable in equal monthly instalments. No assumpsit is implied on the part of a municipal corporation in respect to services performed by one of its officers for which the ordinances allow no compensation. *Locke v. City of Central,* 4 Colo., 65. The rule is inflexible that an official can only demand such fees or compensation as the law has fixed and authorized for the performance of his official duties. *Garfield County v. Leonard,* 26 Colo., 145.

The remaining items of plaintiff's bill are as follows: Three days over-seeing work at Junction Creek bridge, $6.00; crossing on Sixth Street, 17 days, $27.20; grading to water works, 6 days, $12.00.

The ordinances of the city provide that whenever more than three men are employed in the performance of work under the direction of the street supervisor, he shall give his entire time and attention to the supervision of such work, and in addition to his annual salary, shall receive the sum of $2.00 for each day so employed. According to the testimony he is not in a position to take advantage of this provision.

From the evidence of plaintiff and that introduced on behalf of the city, it appears without dispute that plaintiff gave no attention whatever to over-seeing the work mentioned in the above items. On the contrary, he says he was not present when the work at Junction Creek bridge was done, or when the grading to water works was being performed; that he knew nothing about this work, but that no one forbid him from over-seeing these jobs. He

further states, with respect to the item of $27.20, that the street and alley committee requested him to do this work; that he refused; and further, would not let the chairman of the committee have the city's tools to do such work. Plaintiff, not having performed any of the services mentioned in these items, and it not appearing that his failure to do so resulted from any fault on the part of the city, he certainly cannot recover for such items.

The judgment of the county court is reversed, and the cause remanded, with directions to enter judgment in favor of the city.

*Reversed and Remanded.*