## John S. Sheahan v. City of Chicago.

### Gen. No. 12,587.

1. PUBLIC OFFICIAL—*what compensation, entitled to.* A public
official can only demand such compensation as the law has fixed and
authorized for the performance of his official duties.

2. PUBLIC OFFICIAL—*when not entitled to extra compensation.* An
official who becomes a notary public is not entitled to collect from the
city which employs him, extra compensation for taking acknowledg-
ments as a notary public for parties other than such city.

3. CORPORATION COUNSEL—*to what extent cannot bind city.* The
corporation counsel of a city, by approving a voucher calling for extra
compensation to a public official, does not thereby bind the city.

4. COMMISSIONER OF PUBLIC WORKS—*to what extent cannot bind city.*
The commissioner of public works cannot admit a liability upon the
part of the city and so bind the same if such obligation is not valid in
law.

Action of assumpsit. Appeal from the Circuit Court of Cook County;
the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Ap-
pellate Court at the October term, 1905. Affirmed. Opinion filed July
13, 1906.

**Statement by the Court.** Appellant brought *assumpsit*
against appellee for notary's fees for administering oaths
and taking affidavits outside of business hours established
by the city of Chicago, in special assessment proceedings
instituted by the city. Appellant during the whole period
in which the oaths and affidavits were taken was in the
employment of the city as superintendent of special assess-
ments, and was in receipt of an annual salary as such super-
intendent.

The declaration is in the common counts for labor and
work done and material furnished, balance due on an ac-
count stated, and for money had and received by appellee

Sheahan v. City of Chicago.

for use of appellant. Appellee pleaded the general issue and the Statute of Limitations. The only replication filed to the latter plea is that the cause of action did accrue within five years before the suit was commenced.

In April, 1891, plaintiff, appellant, was made superintendent of the bureau of special assessments of the city of Chicago, and served as such until 1895, when his successor was appointed. On the death of his successor in 1897, appellant was again made superintendent, and served until some time in 1898.

From November 16, 1891, to and including March 2, 1895, appellant was a duly appointed and qualified notary of the State of Illinois. As such notary, appellant administered certain oaths and took affidavits set forth in the bill of particulars filed in this cause, between 5 o'clock P. M. and 9 o'clock A. M. of the days on which they were taken, for which he claims the statutory fees, amounting to $4,794.50. The bill for the fees was approved by the corporation counsel of the city.

By agreement the cause was submitted to court for trial without a jury. The court found the issues for the defendant, appellee, and entered judgment on the finding.

PECK, MILLER & STARR and CLARENCE N. GOODWIN, for appellant.

WILLIAM D. BARGE, for appellee; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellant was superintendent of special assessments for appellee during the time in which he claims the services were performed by him sued for in this cause. It was a subordinate position in the department of public works of the city, and appellant was a subordinate of the commissioner of public works, who is by ordinance the head of that department. The office held by appellant was created by an ordinance of the city, and provision was made for the

salary of the office by the annual appropriation ordinance. The salary, $3,500 per annum, so provided for him was regularly and promptly paid. In superintending the making of special assessments it was a part of his duties to attend to the matter of administering the oaths of office provided by law to the commissioners appointed to make the assessments. To act himself as the notary in administering the oaths would greatly facilitate his work in discharging the duties of his office, by saving him the time and trouble of procuring the proper officer to administer the oaths when such an officer was needed. Appellant's personal convenience and efficiency in the discharge of his duties doubtless suggested that he be qualified to administer the oaths. The question then is, did appellant, by his appointment as notary, and the use of the official authority of a notary, lay the foundation for increasing his compensation, and without any authorized action of any body or officer of the city government empowered to create the liability on the part of the city for administering the oaths of office, make the appellee liable therefor? In our opinion he could not.

Article 6 of the City and Village Act treats of the officers, their appointments, duties, bonds, qualifications, the compensation of aldermen and the mayor; and section 15 of that article provides as follows:

"All other officers may receive a salary, fees or other compensation to be fixed by ordinance, and after the same has been once fixed, such fees or compensation shall not be increased or diminished to take effect during the term for which any such officer was elected or appointed."

The "Act to enable the corporate authorities of cities to establish and fix the salaries of city officers," approved April 23, 1873 (1 Starr & Curtis, 2nd Ed., p. 826), confers authority on the common council or legislative authority to fix the amount of salary to be paid all city officers in the annual appropriation bill or ordinance, and provides that " no extra compensation shall ever be allowed to any such officer

or employe over and above that provided in the manner aforesaid."

These statutory provisions place a limit upon the compensation which a public officer may lawfully receive, and also indicate very clearly a wise public policy regarding the allowance of extra compensation to public officers for services rendered by them in the discharge of the duties of office, or for services incident thereto, and which may not be strictly official.

It is an inflexible rule that an official can only demand such compensation as the law has fixed and authorized for the performance of his official duties. City of Decatur v. Vermillion, 77 Ill. 315; Coles County v. Messer, 195 id. 540; City of Durango v. Hampson, 29 Colo. 77; Crocker v. Brown County, 35 Wis. 284.

It is contended, however, that appellant was a state official and that he is entitled to the fees fixed by statute for services performed as a notary, and that the office which he held under the city did not in any way interfere with his office as notary, for there was no connection between the offices.

Granting this contention to be sound, it does not make the city liable to appellant for the notary fees. There is no implied *assumpsit* on the part of a municipal corporation in respect to services performed by one of its officers whose compensation is fixed by ordinance. City of Durango v. Hampson, *supra.*

It is claimed in behalf of appellant that he does not need to rest his claim upon any implied obligation of the city, because the record shows that his voucher for the notary fees was approved by the corporation counsel. We cannot regard such action of the corporation counsel as having any legal significance. As has been stated above, appellant was a subordinate in the department of public works. With that department the corporation counsel had nothing to do except to advise its chief of his legal rights and duties. Section 566 of the ordinances introduced in evidence provides:

"No contract shall be made for any work or supplies relating to any of the matters within the cognizance of the department of public works unless such work or supplies shall have been authorized by the City Council, except that whenever any such work or supplies shall be necessary and the total cost thereof shall not, in any one case, exceed five hundred dollars, the commissioner of public works may cause the same to be done or furnished, under the supervision of the appropriate officer of the department; but no such expenditure shall be made without the written order of the commissioner of public works, through his secretary, which order, when filled, shall be returned and filed as a voucher in said department, with the bill upon which payment was made."

This section, it will be seen, places the contracting power in the commissioner of public works for matters peculiarly within the domain of his department. No action, therefore, of the corporation counsel relating to the work of making special assessments, which, by section 557 of the ordinances, is committed to the charge of the commissioner of public works, can bind the city.

But, we think, the commissioner of public works could not have audited and allowed the claim of appellant so as to bind the city as an admission or account stated. State v. Brown, 10 Oregon, 215. Such an act would have fallen within the inhibition of the Act of 1873, and would have been void.

There is no evidence in the record that the city council ever made any appropriation to pay appellant's claim. Under section 4, article 8, of the City and Village Act, no contract relating to appellant's claim could have been made by any of the officers or departments of the city. Appellant knew legally that he was dealing with officers whose powers of contracting were limited by law, and that a full compliance with the law must be shown before any such contract could be enforced against the city. Hope v. City of Alton, 214 Ill. 102.

The testimony of appellant shows conclusively that all

the services of appellant as notary, and for which he makes claim in this cause, were rendered more than five years before the suit was brought. The only replication to the plea of the Statute of Limitations is that the causes of action accrued within five years. On the issue of fact thus formed there was no controversy in the evidence and none is claimed. There was no replication of a new promise. The recovery sought by appellant, therefore, was upon the original counts of his declaration. To these the Statute of Limitations is a complete bar.

The judgment of the Circuit Court is correct and must be affirmed.

*Affirmed.*