## THE STATE OF INDIANA, EX REL. CITY OF LAFAYETTE, *v.* DUNCAN, TREASURER.

[No. 21,722.   Filed May 23, 1911.]

1.   OFFICERS.—*Imposing Additional Duties upon.*—In the absence
of constitutional restrictions the legislature may increase or di-
minish the duties of public officers.   p. 663.

2.   OFFICERS.—*City Treasurers.—County Treasurers.—Statutes.*—
Section one of the act of 1909 (Acts 1909 p. 454), providing that
"in cities of the fourth class where the county treasurer shall
act as city treasurer, his salary as such shall be $600 per year,
which may be increased by ordinance to any sum not exceeding
$1,000 per year," and that "in addition to such salary, the county
treasurer shall receive five per cent of the amount of all delin-
quent city taxes collected by him for such city," does not abolish
the office of city treasurer, but requires the county treasurer to
act as city treasurer and perform the duties thereof.   p. 663.

3.   OFFICERS. — *City Treasurers. — County Treasurers.—Bonds.*—
Under section one of the act of 1909 (Acts 1909 p. 454), requir-
ing county treasurers to perform the duties of city treasurers
in all cities of the fourth class within their respective counties,
and fixing salaries therefor, and §8645 Burns 1908, Acts 1905
p. 214, §44, providing that "every city officer of any city, ex-
cept the mayor and members of the common council, shall like-
wise execute a bond" for the faithful discharge of their duties,
and requiring the "bond of the treasurer, or county treasurer
performing the duties of treasurer" to be not less than half the
estimated amount of taxes levied, a county treasurer is required
to give a bond as city treasurer to the approval of the mayor
and payable to the city in such sum as may be required by or-
dinance.   p. 664.

4. MANDAMUS.—*Compelling County Treasurer to Give Bond as City Treasurer.*—Mandamus lies to compel a county treasurer who is *ex officio* city treasurer and who has entered upon the discharge of his duties without giving a bond as city treasurer, to execute and file the requisite bond as city treasurer. p. 664.

From Superior Court of Tippecanoe County; *Henry H. Vinton*, Judge.

Action by the State of Indiana, on the relation of the City of LaFayette, against Lee Duncan, as Treasurer of Tippecanoe County and *ex officio* Treasurer of the City of LaFayette. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Arthur D. Cunningham*, for appellant.
*George D. Parks* and *Morris R. Parks*, for appellee.

MONKS, J.—The relator brought this proceeding in May, 1910, against appellee, who was treasurer of Tippecanoe county, and who was acting as city treasurer of the relator, as provided in section one of the act of 1909 (Acts 1909 p. 454), which amends section forty-three of the act of 1905 (Acts 1905 p. 219, §8644 Burns 1908), to compel him, by writ of mandamus, to execute an official bond for the faithful performance of his duties as such city treasurer.

Appellee's demurrer for want of facts to the alternative writ was sustained by the court, and final judgment was rendered against the relator.

It is agreed by the parties to the appeal that under the act of 1909, *supra*, the treasurer of Tippecanoe county is required to "perform all the duties of city treasurer" of the city of LaFayette.

It is provided in the act of 1909, *supra*, that "in cities of the fourth class where the county treasurer shall act as city treasurer, his salary as such shall be $600 per year, which may be increased by ordinance to any sum not exceeding $1,000 per year. * * * In addition to such salary, the county treasurer shall receive five per cent of the amount of all delinquent city taxes collected by him for such city."

It is provided in section forty-four of said act of 1905 (§8645 Burns 1908) that "every city officer of any city, except the mayor and the members of the common council, shall likewise execute a bond, to the approval of the mayor, payable to such city, in such penal sum as the common council of such city may enact by ordinance covering such cases, conditioned for the faithful performance of the duties of his office and for the payment to the proper person of moneys received by him as such officer: Provided, that in no case shall the bond of the treasurer, or county treasurer performing the duties of treasurer, be fixed in a less sum than one-half of the estimated amount of all taxes, including delinquent, to be levied for municipal purposes and collected in such city for the current year."

It is settled that in the absence of constitutional restriction, the legislature may at its pleasure increase or diminish the duties of public officers. *Gilbert* v. *Board, etc.*

1. (1846), 8 Blackf. 81; *Turpen* v. *Board, etc.* (1855), 7 Ind. 172, 173; *Walker* v. *Dunham* (1861), 17 Ind. 483, 485; *Yeager* v. *Board, etc.* (1884), 95 Ind. 427, 430, and cases cited; *Bynum* v. *Board, etc.* (1885), 100 Ind. 90, 91; *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 456.

As was said in *Yeager* v. *Board, etc., supra,* at page 430: "The person who accepts and assumes to act in the office takes it *cum onere,* not only of existing duties, but subject to such as may thereafter be legally imposed, and subject to such rights and liabilities as to compensation as the legislature has [declared] or may declare. If the legislature imposes burdensome or unremunerative duties, he must perform [them] as required or resign the office."

The act of 1909, *supra,* did not abolish the office of city treasurer, but by said act the treasurer of Tippecanoe

2. county was required to act as the city treasurer of LaFayette, and perform the duties of that office.

It is evident that county treasurers who are required by said section to act as city treasurers must give bond, to the

3. approval of the mayor, payable to the city in such sum as may be fixed by ordinance, conditioned for the faithful performance of the duties of the office of city treasurer.

It is not necessary, therefore, to determine whether appellee is liable on the bond that he gave to secure the performance of his duties as county treasurer, for any failure to perform the duties of city treasurer of LaFayette.

It appears from the alternative writ that the common council of the city of LaFayette had by ordinance fixed the penalty of the bond of the county treasurer performing the duties of city treasurer at the sum of $100,000;

4. that at the time this proceeding was brought appellee was treasurer of Tippecanoe county, and was, by virtue of such office, acting as city treasurer of LaFayette, and that he had been acting as the treasurer of said county and as treasurer of said city since January 1, 1910; that he had failed and refused upon demand to execute the bond required by statute of a county treasurer performing the duties of city treasurer.

Appellee insists that relief by mandamus can be had only where there is no other adequate remedy, and that as §§9121–9135 Burns 1908, §§5538–5552 R. S. 1881, Acts 1883 p. 57, provide an adequate remedy, mandamus will not lie.

Said sections apply when a bond has been filed but has become insufficient for reasons mentioned therein, but they do not apply where, as in this case, no bond has been filed.

Under the act of 1905, supra, as amended by the act of 1909, supra, the treasurer of Tippecanoe county was the only person authorized to act as the city treasurer of relator. It was the duty of appellee, as treasurer of said county, to perform the duties of city treasurer of the relator, and to execute a bond to the approval of the mayor of said city, conditioned for the faithful performance of the duties of that office. Appellee was acting as such city treasurer, but refused to give a bond as such. As he held the office of county

treasurer it was his legal duty to give a bond conditioned for the faithful performance of the duties of treasurer of said city.

It is clear that the relator's only adequate remedy to compel the execution of the bond was mandamus.

It follows that the court erred in sustaining appellee's demurrer to the alternative writ.

Judgment reversed, with instruction to overrule appellee's demurrer, and for further proceedings not inconsistent with this opinion.