[No. 7536.]

## McGovern v. City and County of Denver.

1. Public Officer—*Fees*—Where fees are the only compensation allowed by law to a public officer for the discharge of his official duties, he is not entitled to compensation for the discharge of duties for which no fee is prescribed. The performance of such duties without compensation is a burden which the officer assumes when he accepts the place.

2. Coroner—*No Fee Allowed for Mere Investigations*—Under Rev. Stat., sec. 2577, the coroner is not allowed compensation for the investigation of cases of violent or sudden death, when he holds no inquest; and section 1219 of the Revised Statutes does not have the effect of allowing such compensation.

3. Statutes—*Construed*—A statute allowed the coroner a specified fee for each day employed in holding an inquest. Another statute prescribed the manner in which accounts against the county should

be made, requiring that each item should be separately stated, and adding "and where no specific fees are allowed by law the time actually and necessarily devoted to the performance of any service charged in such account shall be specified." *Held,* that the latter statute has not the effect to entitle the coroner to compensation for the investigation of violent or sudden deaths, where no inquest was held.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. PAUL J. McGOVERN, Mr. GEORGE F. DUNKLEE and Mr. OSCAR E. JACKSON, for plaintiff in error.

Messrs. SMITH & BROCK, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint alleges, among other things, that plaintiff was at all times mentioned therein the regularly elected, qualified and acting coroner of the city and county of Denver; that as such officer it was his duty, upon being informed of the violent or sudden death of a person within his jurisdiction, the cause of which was unknown, to immediately view the body and make investigation respecting the cause and manner of the death, and if satisfied that death was not procured by another person, or by unlawful means, no suspicious circumstances appearing, to deliver the body to the friends or relatives of the deceased for interment; that from February 3rd, 1909, to January 5th, 1911, as such officer, he was informed of the violent or sudden deaths of five hundred and seven persons, and made separate investigation and inquiry in each case, in compliance with the statute; that he necessarily spent one day in each case, which service was reasonably worth $5.00 a day, aggregating a total of $2,535.00, and prays judgment for that amount. The parties stipulated that monthly accounts of such services were regularly itemized, presented to, and disallowed by the defendant, and also finally presented to it for the total amount above specified and disallowed on January 1, 1911. A general demurrer was inter-

posed to the complaint and sustained. The plaintiff elected to stand by his cause as made; the court thereupon dismissed the action, at the cost of plaintiff, who brings the case here on error to review that judgment.

The statute relative to compensation of county coroners, Section 2577, Revised Statutes of Colorado, 1908, reads as follows:

"In counties of every class the coroner shall be allowed the sum of five dollars per day, for each day actually employed in making an inquest and ten cents per mile for each mile actually and necessarily traveled in going to and returning from the place of inquest, to be paid out of the county treasury. For all services performed in the place of sheriff, the coroner shall receive the same fees as are allowed to the sheriff for like services."

The compensation claimed in this suit is not for services rendered in conducting inquests, but for investigating cases of violent or sudden death in which the coroner deemed no inquest necessary. It is plain that the fee fixed by statute, which is the only compensation provided for county coroners, is purely for services rendered when an inquest is actually held. The sole question, therefore, is whether a county coroner may recover from the county compensation for official service other than as provided by statute. It has been determined in this state that a county clerk, judge or treasurer may not recover additional compensation under like circumstances, and there is no reason why any other county officer, whose compensation is fixed in fees, should be permitted to do so. *Garfield County v. Leonard*, 26 Colo. 145; *Garfield County v. Beardsley*, 18 Colo. App. 55; and *Mitchell v. Wheeler*, 20 Colo. 159.

In the case of *Garfield County v. Leonard, supra,* speaking of a like proposition to that presented here, the court said:

"The remaining items in this account consist of claims for services performed, which are public in their character, like

giving election notices, canvassing vote, recording abstract of official vote, issuing certificates of election, preparing tax list of county and state taxes and other services of a similar nature. The performance of these duties devolved upon appellee in his capacity as county clerk. The statute does not provide that for services rendered for which no special fee or other remuneration is provided, the county clerk shall be paid a reasonable compensation; no implied assumpsit existed between appellee and the county for services rendered by him in the capacity of clerk for which no fees were specially fixed by law. —*Locke v. City of Central,* 4 Colo. 65. * * * Upon what theory, then, can it be maintained, that when he performs official duties imposed by law for which no compensation is provided, he shall be paid therefor by the county, in the absence of any provision to that effect? The performance of duties enjoined by law is not of itself the rendition of services at its instance, and to hold that the county must pay therefor, would create a liability against it which has no existence, either expressly or by implication, and result in injecting into the law, a provision entirely foreign to its letter and spirit. * * * When appellee assumed the duties of his office, he did so subject to its burdens.—*Turpin v. Board of Commissioners,* 7 Ind. 172. His compensation for official acts being regulated by statute, he is only entitled to charge for those services to which compensation by law attaches (*Debolt v. Trustees, Cincinnati Twp.,* 7 Ohio St. 237), for the rule is inflexible, that an official can demand only such fees or compensation as the law has fixed and authorized for the performance of his official duties (*Town of Carlyle v. Sharp,* 51 Ill. 71; *Board of Commissioners v. Barnes,* 123 Ind. 403), and the statute having imposed upon appellee the duty of performing services which he incidentally rendered in the discharge of his general official duties for the performance of which no compensation is provided, cannot require the county to pay therefor. His remuneration for such services was had in the compensation received for those to which it specially attached, and

which the legislature intended as an equivalent for the duties he was required to perform, for which none was provided.—
*Cole v. White,* 32 Ark. 45."

Where certain fees are prescribed for an official, as compensation, it is fundamental that he is not entitled to demand and receive any other, different or additional pay. Where the only compensation provided for a public officer for the discharge of his official duties consists of fees, and certain duties are imposed upon him by law, for which no compensation is provided, he cannot recover for services in the performance of such duties on the basis of a *quantum meruit,* or at all, the conclusive presumption being that compensation for such services is covered by the allowance made for the performance of other official acts for which fees are prescribed. The performance of certain duties, without compensation in a feed office, is a burden attaching practically to all such official positions, and this burden is voluntarily assumed by an officer when he accepts the place, as he is presumed to know the requirements of the law.　　　　　　　　　*Judgment affirmed.*

Chief Justice Musser and Mr. Justice White concur.

*On Petition for Rehearing.*

On application for rehearing, it is contended, under section 1219, Revised Statutes of 1908, which is in part as follows:

"No account shall be allowed by the board of county commissioners, unless the same shall be made out in separate items, and the nature of each item stated, and where no specific fees are allowed by law the time actually and necessarily devoted to the performance of any service charged in such account shall be specified; which account so made out shall be verified by affidavit;" etc., that the coroner is entitled to compensation for the services in question according to their reasonable worth. This section does not provide or undertake to provide for compensation. It simply directs how bills for services,

for' which compensation is due, but for which no specific fee is fixed, shall be made out. That is, applying the statute to the slaim in suit, if there were a law to the effect that in addition to the regular fees fixed by statute, the coroner, for the services in question, should receive reasonable compensation, to be allowed by the board of county commissioners and paid out of the county treasury, he would have a claim for submission under this section. Since, however, there is no statute allowing compensation for such services, the coroner has no claim on this account, and it was properly disallowed.

If the decision in 3 Colorado Appeals 576, *Board of County Commissioners v. Leonard,* is in any particular in conflict with the foregoing views, it was to that extent overruled in *Garfield County v. Leonard, supra,* which states a rule in harmony with that here announced.

Petition for rehearing denied.

Decided March, A. D. 1913. Rehearing denied April 7, A. D. 1913.