77  315
33a 563
77  315
63a  65
77  315
195 ·²545

THE CITY OF DECATUR

*v.*

WILLIAM VERMILLION.

1. OFFICER — *compensation to officer for services incident to his office.* Where a person was appointed by city authorities as pound-master, and the compensation for his services as such fixed, and he was also appointed a special policeman, merely as an incident to the first office, and informed

that he would receive no pay in the latter capacity, it was *held*, that he was not entitled to recover anything from the city for services as policeman.

2. A person accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary. He can not legally claim additional compensation for the discharge of those duties, even though subsequently imposed by statute or ordinance, and the salary may be inadequate.

3. SAME—*promise to pay extra compensation not binding.* A promise to pay an officer an extra fee or sum beyond that fixed by law, is not binding, though he renders services and exercises a degree of diligence greater than could legally have been required of him.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. I. A. BUCKINGHAM, for the appellant.

Messrs. PARK & LEE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of assumpsit against the city, to recover for services claimed to have been rendered as a special policeman. It appears that the city having adopted an ordinance prohibiting cattle and swine from running at large in the streets, and providing for the appointment of a pound-master for its enforcement, appellee was so appointed; and inasmuch as it was apprehended that he might meet with opposition and difficulty in enforcing an observance of the ordinance, it was thought advisable to clothe him with the powers of a policeman of the city. He was, therefore, commissioned as a special policeman at the time he was appointed pound-master. There is evidence strongly tending to prove that he was informed, at the time of his appointment, that he would be paid nothing for services as policeman.

He, however, notwithstanding such notice and information, claims, and recovered in the court below, compensation for such services in addition to what was paid him for acting as

pound-master. It is urged, that as it was understood that he was not to receive double pay, he is precluded from a recovery.

We think there can be no question that appellee is barred from a recovery on this ground.. The power to act as a policeman was only auxiliary to the office of pound-master, and was only conferred to enable him to fully perform the duties of his office of pound-master. Being only an incident to. or rather, a part of his duty as pound-master, and notified he would not be paid for services growing out of the discharge of the duties of his office as policeman, but only as pound-master, he has no right to recover for services he may have rendered as policeman. He must be held to his agreement. Had the services been rendered for an individual, under such an arrangement. no one could suppose that a recovery could be had; and corporations, private or municipal, have the same right to have contracts with them enforced, as do individuals. Nor is it any more necessary that their agreements with others should be reduced to writing. than it is between individuals. The same rule applies to the one as to the other.

Dillon, in his work on Corporations. at page 206, sec. 172, says: " It is a well settled rule, that a person accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary. He *can not legally claim additional compensation* for the discharge of those duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case, that by subsequent statutes or ordinances his duties are increased, and not his salary. Whenever he considers the compensation inadequate he is at liberty to resign. The rule is of importance to the public. To allow changes and addition in the duties of an office to lay the foundation for extra services, would soon introduce intolerable mischief. The rule. too, should be very rigidly enforced. The statutes of the legislature and the ordinances of our municipal corporations seldom prescribe, with much detail and particularity. the duties annexed to public offices ; and it requires but little ingenuity to run nice

distinctions between what duties may. and what may not, be strictly official; and if these distinctions are much favored by courts of justice, it may lead to great abuse."

In section 173 he says: "Not only has an officer, under such circumstances, no legal claim for extra compensation, but a *promise to pay* him an *extra fee or sum* beyond that fixed by law *is not binding.* though he renders services and exercises a degree of diligence greater than could legally have been required of him." In these rules the author is fully sustained by the authorities to which he refers.

That appellee well understood he was not to receive pay as a policeman, is manifest from the fact that he was so informed at the time of his appointment, and from the fact that he complained that his compensation as pound-master was too low, and he said he could make more by acting as a policeman, and he did not resign as such when he resigned as pound-master. and only claimed compensation whilst he acted as pound-master. From this it is apparent that he did not expect compensation for services as policeman.

We have seen that the police powers were but incident to and a part of the duties of pound-master, and were so intended and understood by the parties. If so, then, even if extra compensation or fees had been promised, the promise would not have been binding, as we have seen. Had compensation been allowed, in such cases, by ordinance, or had the corporation, by resolution, fixed his fees or salary when he was appointed, he might, no doubt, have recovered. But such was not the case, but the reverse, as he was informed he would not be paid. If not satisfied with the arrangement, he should not have accepted the office. There was no compulsion, but he acted freely, and must be bound by the understanding. The instructions, so far as they contravene the views here expressed, were erroneous, and no doubt misled the jury in their finding.

The judgment of the court below must be reversed.

*Judgment reversed.*