## James H. May v. City of Chicago.

### Gen. No. 12,238.

1. CONTRACT—*when city cannot make valid.* No department of a city government can bind the city for administrative expenses where such expenses are not included in the annual appropriation ordinance from which they would be required to be paid.

2. CONTRACT—*duty of persons dealing with municipality to ascertain its power to make.* All persons dealing or contracting with a municipal corporation must at their peril inquire into the power of such corporation or its officers to make the contract contemplated.

3. CITY EMPLOYEES—*duty of, to perform extra work.* An officer or employee of a municipal corporation is bound to perform the duties of his office or employment for the compensation fixed even though additional duties should be imposed upon him by statute or ordinance passed subsequently to his election or employment, and this notwithstanding the existence of an ordinance which makes eight hours a legal day's work.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed February 20, 1906.

**Statement by the Court.** Appellant, who for many years has been employed regularly as a clerk in the city col-

lector's office of appellee, brought this action against appellee
to recover wages for work performed in 1899 and 1900 out-
side of the regular hours of the office.   The amount claimed
is $147.   A jury was waived and the cause was submitted
to the court for trial, resulting in a finding and judgment for
the defendant.

There is no controversy of fact shown in the record.   The
evidence shows that the plaintiff May and certain other clerks
who have instituted similar suits were engaged as clerks in
the city collector's office of the city of Chicago at certain
stipulated salaries per year.   For a season prior to April 1st
in each year the office was very busy preparing the delin-
quent special assessment returns for the county collector and
it was necessary to have the regular office force work more
hours per day than usual and also to employ extra clerks for
this work.   The city council in its annual appropriation or-
dinances for the years 1899 and 1900 appropriated the sum
of $7,800 to be paid to extra clerks employed by the city
collector.   The item in the appropriation ordinance for 1899
reads as follows:   "Extra clerks for special assessment work
in city collector's office at $3.00 per day, $7,800."   The
item for the year 1900 is in legal effect the same.

In 1899 when the time came for requiring the regular
clerks to work more than the regular hours and on Sundays
and for employing extra clerks, the regular clerks, on their
request, were promised pay for overtime by Joseph Martin,
then city collector.

In 1900, Mr. Brandecker was city collector, and on like
request promised the regular clerks that they would be paid
for overtime work.

In 1899 some $3,000 of the money appropriated for extra
clerks was not expended for that purpose.   In 1900 none of
the money so appropriated was used for paying extra clerks.

In 1899 and 1900 the following sections of ordinances
were in force:

" Section 1688.   Eight hours of labor between 6 o'clock
A.M. and 6 o'clock P.M. shall be and constitute a legal day's

May v. City of Chicago.

work for all employees performing manual labor for the city of Chicago, and working within its corporate limits. The provisions of this section shall not be construed to apply to or govern the police or fire departments, or any department or workshop where constant operation is necessary; provided, however, that in all cases of necessity or emergency, superintendents, foremen or others in authority are hereby authorized to work their employees such number of hours as such necessity or emergency may require. But for all labor performed in excess of eight hours in any one day such laborer or employee shall be entitled to and shall receive pay at the rate of time and one-half for all such labor performed."

" Section 66. The City Collector, with the consent of the mayor, shall apoint such various assistants, clerks and subordinates in his office as the City Council may authorize, and he shall be held responsible for the fidelity of the persons so appointed by him, and may also remove them."

" Section 67. He shall execute all special assessment and other warrants, which by law and the ordinances of the said city, may be executed by such Collector, and shall perform such other duties as now are, or may hereafter be imposed upon him by law or the ordinances of the city."

" Section 70. It shall be the duty of the City Collector, under and subject to the direction and supervision of the City Comptroller, to keep books and accounts which shall show all receipts and moneys received by him, and other matters pertaining to his office; such books and accounts to be kept in a clear, intelligible and methodical manner."

" Section 71. The time within which the City Collector shall make his annual report to the Treasurer and ex-officio County Collector of Cook county, of the delinquent special assessments, as required by Section 39 of Article 9 of Chapter 24, Revised Statutes of Illinois, be and the same is hereby fixed as on or before the 1st day of April of each year."

It was agreed in the trial court that if the plaintiff had a right to recover in the case the amount due him was $147.

When extra men were employed for work in the city collector's office they were designated by the city collector.

34

LEON HORNSTEIN, for appellant.

JOHN W. BECKWITH, Assistant Corporation Counsel, for
appellee; EDGAR BRONSON TOLMAN, Corporation Counsel, of
counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of
the court.

The following propositions of law were submitted to the
court by the plaintiff and were refused by the court and ex-
ceptions were duly preserved:

"1. The section of the municipal code limiting the daily
hours of labor for all employees performing manual labor for
the city of Chicago to eight, and allowing them pay at the
rate of time and one-half for all labor performed by them
beyond such eight hours in one day, applies to clerks em-
ployed by the city collector on the special assessment books,
and it being admitted that the plaintiff was such a clerk at
the time he put in the extra time over eight hours for which
he demands compensation, he is therefore entitled to recover
for the extra time which it is admitted was put in by him.

2. Where an employee in a public office renders two dis-
tinct entire statutory days' work, though within one day of
twenty-four hours, he is entitled to compensation as for two
days' work.

3. It being admitted that the city collector contracted with
the plaintiff on behalf of the city of Chicago to pay the plain-
tiff for the overtime put in by the plaintiff, the law is that
such a contract, being within the scope of the authority of the
city collector and being a duty imposed upon the city col-
lector by the law of the State of Illinois and by the municipal
code of the city of Chicago, the city was bound by the contract
of the city collector to pay the plaintiff for the overtime thus
earned by the plaintiff.

4. The duty of contracting with the regular clerks em-
ployed by the city collector for overtime, such clerks being
admittedly clerks certified for their respective positions by
the Civil Service Commissioners of the city of Chicago, does

not conflict with the Civil Service Law of the State of Illinois relating to municipal employees, and the statutes and city ordinances relating to such duty on the part of the city collector are still in full force and effect.

5. It being necessary under the law to complete the work on the special assessment books by a certain time, and the services of the plaintiff after regular hours together with the other regular clerks in the city collector's office being admittedly necessary to complete said work in the time provided by law, an emergency existed under which it was proper and necessary for the city collector to make the contract with the plaintiff under which the plaintiff seeks to recover in this case.

6. A municipal corporation is bound to perform what the law requires it should, and claims arising therefrom, even though not expressly authorized, are valid and enforceable in law. If the plaintiff in this case has rendered services which were useful and necessary, and such as the city had paid for before, and the City accepted same and was benefited by them, the plaintiff is entitled to compensation.

7. Even if the city collector exceeded his authority in contracting with the plaintiff to pay him for overtime, the plaintiff would still, under the facts and circumstances admitted in this case, be entitled to a recovery on the *quantum meruit* for services rendered on an implied contract, he having been paid for similar services before, and having rendered them in good faith, and having every reason to believe that the same would be paid for even though no appropriation had yet been made for same, it being during the first quarter of the fiscal year before the annual appropriation bill had passed the council.

8. It being admitted that the services of the plaintiff were rendered each year before the annual appropriation bill was passed, he was not bound to take notice of the appropriations made in the annual appropriation bill when he rendered the services, and is entitled to a recovery if the services were rendered in good faith and were useful and necessary and

the city accepted the same and was benefited by them, which admittedly was the case.

9. The city is bound to pay for work done during the first quarter of the fiscal year, before the annual appropriation bill has been passed by the city council, notwithstanding the fact that when the appropriation bill is passed at a later time no provision is made therein for the work done prior thereto, provided such work is useful and necessary, contracted for and rendered in good faith and for a purpose required by law."

These propositions present every theory upon which plaintiff's right of recovery may be legally predicated, and the rulings of the trial court thereon are assigned for error.

It is urged by appellant that the eight hour ordinance provides that appellant should be paid for overtime, and Heckman v. Tammen, 184 Ill., 144, and Holder v. Lafayette B. & M. Ry. Co., 71 Ill., 106, are cited as authorities for appellant's position.

We do not regard the cases cited as applicable to this case. The Heckman case, *supra,* arose under the statute providing for a preference to be given to laborers when their employer's business is suspended by the action of creditors or the appointment of a receiver, and it was held that the laborers protected by the statute were not only unskilled laborers but also to those who exercise some degree of skill in their labor. Manifestly the case has no application here. Nor does it afford any light upon the construction of section 1688 quoted in the statement of the evidence.

In our opinion section 1688 has no application to clerks in the city collector's office.

It is urged on behalf of appellant that the city was bound by the collector's promise to pay for the extra time. To this proposition we cannot give assent. When the city council adopted its appropriation bill or ordinance in the first quarter of 1899 the power to appropriate money was exhausted for that fiscal year, unless a further appropriation was authorized by a majority of the legal voters, and the council itself could not legally add anything to the corporate ex-

penditures of that year, except as provided by the statute, secs. 89 and 90 Cities and Villages Act. And by section 91 of the same act it is provided that: "No contract shall be hereinafter made by the city council, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the city council or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise provided."

As against this express prohibition of the statute, forming the charter of the city, it is impossible for any department of the city or any officer of the city by promise, contract or otherwise to create any liability on the part of the city for anything not included in the annual appropriation ordinance. No principle of municipal law is better settled than that neither the corporation nor its officers can make any contract or incur or create any liability not authorized by the organic act creating the corporation or defining its powers. Dillon on Municipal Corp., sec. 55; Trustees of Lockport v. Gaylord, 61 Ill., 276.

It is also a general principle of law that all persons dealing or contracting with a municipal corporation must, at their peril, inquire into the power of the corporation or its officers to make the contract contemplated. Dillon on Municipal Corp., sec. 272, and cases cited in notes.

We must look then to the appropriation ordinances for the years 1899 and 1900 for the appropriation, if any, out of which the extra overtime services of a regular employee in the city collector's office could be paid, for unless such services are provided for therein no officer could contract for them, or make any promise regarding them which was binding upon the city.

The only items in the appropriation ordinances for the years in question, which the plaintiff relies upon as affording a basis for the promise of the collector, or for liability in this case, are the items for "extra clerks in city collector's office." The plaintiff was a regular employee of the office.

The plaintiff's theory is and must necessarily be that at a certain minute in every day when he was required to work over or beyond the usual or regular hours he ceased to be a regular clerk and became an "extra clerk," and entitled to compensation at $3 *per diem* fixed in this particular clause of the ordinance. We think the clause in question means what it says, and will not bear the construction contended for. The city council did not intend this appropriation for extra pay of the regular force for working overtime. It was intended for the pay of extra men.

An officer or employee of a municipal corporation is bound to perform the duties of his office or employment for the compensation fixed, even though additional duties should be imposed upon him by statute or ordinance passed subsequently to his election or employment. City of Decatur v. Vermillion, 77 Ill., 315; Hope v. City of Alton, 214 Ill., 102; Hague v. City of Phila., 48 Pa. State, 527.

To allow appellant to recover in this case would be in clear violation of the statute which is the expression of a sound public policy.

We find no error in the record and the judgment of the Circuit Court is affirmed.

*Affirmed.*