## Ludwig A. D. Gathemann, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 18,515.

1. MUNICIPAL CORPORATIONS, § 149*—*when employe not entitled to overtime pay.* A municipal foreman of machinists, charged with general duties of supervision and superintendence, employed at a fixed yearly salary, by performing manual labor incidental to his employment, does not thereby become entitled to overtime pay under an ordinance making eight hours a day's work for city employes performing manual labor and providing overtime compensation for laborers working more than that number of hours.

2. MUNICIPAL CORPORATIONS, § 145*—*when no appropriation is made for overtime pay.* Where a municipal foreman of machinists who is employed at a yearly salary performs manual labor incidental to his employment, an appropriation bill which provides for his yearly salary and for compensation for machinists is not an appropriation for his overtime work and he cannot recover for it.

3. MUNICIPAL CORPORATIONS, § 149*—*when overtime payment from appropriation does not entitle employe to overtime pay.* Where a municipal foreman of machinists claims overtime pay and the appropriation bill provides for his yearly salary, it is immaterial that overtime for machinists was paid out of the appropriation specified for them.

4. MUNICIPAL CORPORATIONS, § 149*—*promise to pay more than legal compensation is not binding.* Promises by officials of a city to pay an employe for overtime to which he is not entitled are not binding.

Error to the Municipal Court of Chicago; the Hon. RUFUS J. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 20, 1913.

CHARLES J. TRAINOR, for plaintiff in error.

WILLIAM H. SEXTON, for defendant in error; GEORGE L. REKER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff in error, employed by the City as foreman

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

of machinists, brought this action to recover wages for work performed outside of regular hours in 1910 and 1911.   The case was tried by the court and resulted in a judgment for the defendant.   Plaintiff contends that we should reverse this judgment.

Prior to January 1, 1910, plaintiff was paid by the day, at the rate of six dollars per day, and seventy-five cents an hour for overtime, and was paid for such time only as he worked.   On January 1, 1910, by the appropriation bill, he was placed on a salary basis at two thousand dollars a year.   He also was given certain rights which he did not have before, in that he received an annual two weeks vacation with pay, received his salary while sick, and if he should take a day off there was no deduction.   He had general charge of repair work of machinery on bridges, supervising the men and the work, and while doing this he would at times work with the men, doing manual labor.   The work of repairing broken bridges was considered emergency work, and the foreman and the men were expected to keep at the job until it was finished.

By a city ordinance eight hours was made a regular day's work for those performing manual labor for the City; consequently, all such laborers working more than eight hours a day received extra compensation for overtime.   In the emergency work of repairing broken bridges there naturally would be a considerable amount of overtime.

After the new salary basis of paying plaintiff went into effect, he inquired of the head of his department as to the overtime, and was finally told by the chairman of the finance committee of the city council to send in his overtime and it would be paid; subsequently his reports for overtime were O.K.'d by the head of his department.   Plaintiff continued to draw his salary and send in his reports for overtime, but the defendant refusing to pay anything more than his salary, plaintiff brought this suit.

After giving careful consideration  to the points

thoroughly and ably presented by counsel for the plaintiff, we have reached the conclusion that the Supreme Court of this State has already passed upon the principal question involved, adversely to the claim of the plaintiff. In *City of Decatur v. Vermillion,* 77 Ill. 315 (317), the Court quoted with approval the general principles stated by Dillon in his work on Corporations, page 206, section 172, as follows: "It is a well settled rule, that a person accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary. He *cannot legally claim additional compensation* for the discharge of those duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case, that by subsequent statutes or ordinances his duties are increased, and not his salary. Whenever he considers the compensation inadequate he is at liberty to resign. The rule is of importance to the public. To allow changes and addition in the duties of an office to lay the foundation for extra services, would soon introduce intolerable mischief. The rule, too, should be very rigidly enforced. The statutes of the legislature and the ordinances of our municipal corporations seldom prescribe, with much detail and particularity, the duties annexed to public offices; and it requires but little ingenuity to run nice distinctions between what duties may, and what may not, be strictly official; and if these distinctions are much favored by courts of justice, it may lead to great abuse."

Guided by these rules, can it be said that the eight-hour ordinance limits the time which the foreman, an official of the city, employed at a fixed salary, should spend each day upon his duties? We do not think that the fact that at times plaintiff performed actual manual labor changes the situation, for this was merely incidental to his employment as a salaried officer, charged with the duty of general supervision of work. We understand our Supreme Court to discountenance "running nice distinctions between what duties may, and what may not, be strictly official," and therefore,

we cannot assent to the claim that the plaintiff, by changing somewhat the details of the performance of his duties, can place himself in a different class of duty from that for which he was primarily employed. Plaintiff was a salaried official, charged with the general duties of supervision and superintending work, and we are of the opinion that the eight hour ordinance has no application to his position and duties.

In *Tyrrell v. City of New York,* 159 N. Y. 239, where a salaried foreman of street cleaning sought to recover extra pay for Sunday work, it was held that he could not recover. The Court in its opinion says: "A public officer, who receives an annual salary for his services cannot recover extra compensation for services rendered on Sunday, unless some statute allows it."

We also are of the opinion that the defense of no appropriation for the payment of plaintiff's claim is good. The appropriation bill, under the heading "Bridge and Viaduct Repairs and Replacements," provides for plaintiff's compensation as follows: "Foreman of Machinists $2,000." Below this is a subheading, "Mechanics." Then follow items of amounts appropriated for carpenters, painters, etc., and for "machinists." There was testimony that overtime was paid out of the last item, and it is argued that therefore there was an appropriation for plaintiff's overtime. If we are correct in holding that the eight hour ordinance has no application to plaintiff, then it follows that it is immaterial that overtime for machinists was paid out of the appropriation specified for them. There was legally no such thing as overtime work so far as the plaintiff was concerned. But even if this were not the case, still there appears no appropriation for plaintiff's overtime work as foreman, which is clearly the only kind of services for which he was entitled to compensation. The argument that he would be entitled to pay as a machinist for manual labor done outside of regular hours, is on a

parity with a claim for machinists' wages for manual labor and also his salary as foreman, no matter whether the services were rendered in or out of regular hours. Such a claim, of course, could not be entertained.

Any promises by officials of the city to pay plaintiff's claim are not binding. In *City of Decatur v. Vermillion, supra,* the Court further quotes from Dillon as follows:

"Not only has an officer, under such circumstances, no legal claim for extra compensation, but a *promise to pay* him an *extra fee or sum* beyond that fixed by law *is not binding,* though he renders services and exercises a degree of diligence greater than could legally have been required of him."

In *May v. City of Chicago,* 222 Ill. 595 (599), which involved a claim similar to the one before us, it is said:

"It is contended that the city was bound by the city collector's promise to pay for the extra work. Section 91 of the City and Village act (Hurd's Stat. 1905, p. 308, J. & A. ¶1363) provides that no contract shall be made by the city council or any committee or member, and no expense incurred by any of the officers or departments of the corporation, unless an appropriation shall have been previously made. No appropriation having been made for this extra work of the plaintiff, it is impossible by any act of the city officials to create a liability against the city for the work. *(City of Chicago v. Shober Lithographing Co.,* 6 Ill. App. 560; *Trustees of Lockport v. Gaylord,* 61 Ill. 276; *West Chicago Park Com'rs v. Kincade,* 64 Ill. App. 113; Dillon on Mun. Corp. sec. 445.) A person dealing with a municipal corporation is charged with the knowledge of the limitations of the power of that corporation for any contract attempted to be entered into by any of its officials."

Our conclusion is also in accord with what is said in the opinion in *Sheahan v. City of Chicago,* 127 Ill. App. 626, involving in principle the points under consideration.

Believing as we do, that the judgment of the trial court was in accord with the principles announced by our Supreme Court, it will be affirmed.

*Affirmed.*