LUDWIG A. D. GATHEMANN, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed April 23, 1914.*

1. MUNICIPAL CORPORATIONS—*ordinances fixing salaries are not contracts with the officers.* Ordinances fixing salaries for offices are not contracts with the officers for the full term of the office, and even though an officer be appointed for a fixed period, yet where he cannot be compelled to serve the whole time his appointment is not considered as a contract for hire for a stipulated term.

2. SAME—*places held under City Civil Service act are in the nature of offices.* Positions held under the Civil Service act for cities are not mere employments but are in the nature of offices, and the right of compensation grows out of the rendition of services and not out of any contractual relation.

3. SAME—*a person accepting public office at fixed salary must perform the duties of the office for the salary.* A person accepting a public office with a fixed salary must perform the duties of the office for the salary; and he cannot legally claim additional compensation for the discharge of such duties though the compensation be inadequate.

4. SAME—*an ordinance for overtime construed as not including foremen.* An ordinance fixing eight hours a day as the limit of a day's work for employees of a city doing manual labor, provided that in cases of necessity superintendents and foremen may work

their employees such number of hours as necessity requires, allowing overtime for such work, does not apply to a foreman working on a fixed yearly salary, even though his duties require him to perform some manual labor and at times to work more than eight hours a day.

5. SAME—*promise by city officer to pay extra compensation is not binding upon city.* A promise by the chairman of the finance committee of the city council to pay a foreman of machinists, working under the City Civil Service act on a yearly salary fixed by the appropriation ordinance, extra compensation for hours of overtime put in by him in performing the regular duties of his office is not binding upon the city, particularly where no appropriation for such overtime was ever made.

6. APPEALS AND ERRORS—*when fact that propositions of law are inconsistent will not reverse.* The fact that certain propositions of law held by the court were inconsistent is not ground for reversal, where, on the undisputed facts shown by the evidence introduced by the appellant, the same finding and judgment would necessarily result in case of another trial.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding.

CHARLES J. TRAINOR, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (GEORGE L. REKER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant brought his action in the municipal court of Chicago against the city of Chicago to recover wages for work performed outside of regular hours in 1910 and 1911. A jury was waived and the case tried before the court, judgment being entered for the defendant. The case having been taken to the Appellate Court, that judgment was affirmed and a certificate of importance granted.

For some fifteen years prior to this action appellant had been in the employ of the city of Chicago, apparently all

of the time under the Civil Service law. Under that law he was first classified as a machinist and in 1907 or 1908 certified as acting foreman. Prior to 1910 he was paid at the rate of six dollars per day and seventy-five cents per hour for overtime, being paid for only such time as he worked. On January 1, 1910, by the appropriation bill of said city he was placed on a salary basis, at $2000 a year. Thereafter he was allowed, annually, a two weeks' vacation with pay, his salary continuing while sick or if he should take a day off. These were privileges which were not granted to him when paid by the day. He was not consulted before being placed on a salary basis and did not learn of such action until a few weeks thereafter, when he made his first report and inquired of the head of his department as to why he was not allowed for overtime. Shortly thereafter, at the suggestion of some of his superior officers, he called on the chairman of the council finance committee and was told to send in his overtime and he would be paid. While thereafter the appellant's reports for overtime were approved by the head of his department, the appellee refused to pay anything more than the regular salary. Both before and after being placed on a salary basis appellant had general charge of repair work of machinery on bridges, overseeing and supervising the work of the men under him, and while doing this he would frequently work with the men in doing manual labor. The repair of broken bridges was considered emergency work and the men were expected to keep at the job until it was finished.

Counsel for the appellant argues that appellant's work was of a different character when working overtime than when doing the regular day's work. This argument is not in accord with the record. True, appellant himself stated that he did more manual work when he was engaged in overtime employment than during the regular hours, yet the testimony of his own witnesses shows conclusively that a good foreman of machinists does practically the same kind

of manual work as do his men, without regard to the number of men working under him; that a man can lead his men in this way better than he can direct them. There can be no controversy from the evidence that appellant, as foreman, supervised and directed the men for the overtime work the same as he did during the regular hours.

It is a general rule, when not qualified or restricted by positive law, that the power that creates an office may abolish it in its discretion, and this rule applies to municipal offices. The salaries of such officers may be reduced or otherwise regulated, as the municipality may decide. Even though an officer be appointed for a fixed period, yet where he cannot be compelled to serve the whole time such appointment cannot be considered a contract of hire for a stipulated term. Ordinances fixing salaries are not contracts with officers for the full term of their office. (1 Dillon on Mun. Corp.—5th ed.—sec. 423.)

The rule has long been established by this court that positions or places held under the Civil Service act for cities are not mere employments but are in the nature of offices, and that the salary created by that act is not property. The right of compensation grows out of the rendition of services and not out of any contractual relation. (*People* v. *Kipley,* 171 Ill. 44; *People* v. *Loeffler,* 175 id. 585; *People* v. *City of Chicago,* 234 id. 416; *People* v. *City of Chicago,* 242 id. 561.) It must be held from this record that appellant was a municipal officer, his pay not depending at all upon any contract right with the city. This being so, the authorities cited and·relied on by his counsel, such as *City of Chicago* v. *Sexton,* 115 Ill. 230, *Badger* v. *Inlet Drainage District,* 141 id. 540, *Village of London Mills* v. *White,* 208 id. 289, and other like cases discussing the liability of municipalities arising under contracts express or implied, have no bearing here. The rule is settled that a person accepting a public office with a fixed salary must perform the duties of the office for the salary. He cannot legally claim

additional compensation for the discharge of those duties even though the salary be inadequate. Nor does it alter the case that by subsequent statute or ordinance his duties, within the scope of the charter powers, pertaining to the office are increased and not his salary. Whenever he considers the compensation inadequate he is at liberty to resign. "The rule is of importance to the public. To allow changes and additions in the duties properly belonging or which may be properly attached to an office to lay the foundation for extra compensation would introduce intolerable mischief. The rule, too, should be rigidly enforced. The statutes of the legislature and the ordinances of our municipal corporations seldom prescribe with much detail and particularity the duties annexed to public offices, and it requires but little ingenuity to run nice distinctions between what duties may and what may not be considered strictly official, and if these distinctions are much favored by courts of justice it may lead to great abuse." 1 Dillon on Mun. Corp. (5th ed.) sec. 426, and cases cited; *City of Decatur* v. *Vermillion,* 77 Ill. 315.

The hours of work and the salary of a municipal officer may be regulated by statute or ordinance. Appellant introduced a city ordinance which reads, in part, as follows: "Eight hours of labor between eight o'clock A. M. and five o'clock P. M. shall be and constitute a day's work for all employees performing manual labor for the city. The provisions of this section shall not be construed to apply to or govern * * * any department or workshop where constant operation is necessary, provided, however, that in all cases of necessity or emergency, superintendents or foremen or others in authority are hereby authorized to work their employees such number of hours as such necessity or emergency may require, but for all labor performed in excess of eight hours in any one day such laborer or employee shall be entitled to and shall receive pay at the rate of time and one-half for all such labor performed, except in those

employments where there is an established scale of wages and hours," etc.

Whether appellant is entitled to extra pay for overtime depends upon the construction of this ordinance. Was it intended that a foreman who, while in the performance of such duties, performed some manual labor should be included in the class of employees who are to receive pay for overtime work?· This ordinance puts foremen, superintendents and others in authority in one class and employees in another class. If a statute or ordinance which authorizes the appropriation of money for the payment of a salary to a public officer or employee is indefinite or uncertain "the doubt should be resolved by adopting the smaller amount." (*Tyrrell* v. *Mayor*, 159 N. Y. 239.) This ordinance, however, we do not consider indefinite or uncertain. Under any fair or reasonable construction the "employees performing manual labor" cannot be understood as including foremen. This court put a like construction upon a similar, if not the identical, ordinance, as to what constitutes a legal day's work "for all employees performing manual labor for the city of Chicago," in *May* v. *City of Chicago*, 222 Ill. 595. In *United States* v. *Post*, 148 U. S. 124, relied upon by counsel for appellant, the court had under consideration statutes entirely different in wording from this ordinance. What was said there could throw no light on the proper construction of the ordinance here in question. Neither, for the same reason, could the decision in *O'Boyle* v. *Detroit*, 131 Mich. 15.

The question that we have been discussing has been settled by former decisions of this court, but as appellant in an exhaustive brief has re-argued so earnestly the question, we have deemed it proper to reconsider at some length the points involved. To hold that appellant, as foreman of machinists, in doing extra work was entitled to pay for overtime would, in our judgment, be in conflict with the wording and intent of the ordinance. If this ordinance, as

worded, is inequitable to appellant and others working under like conditions, that is a question to be adjusted by the municipal authorities by means of a proper ordinance. The courts can only construe and enforce ordinances as they find them.

The contention of appellant that he is entitled to extra compensation because of the promise of the chairman of the finance committee cannot be sustained. Promises to pay a municipal officer an extra fee or sum beyond that fixed by law are not binding upon the municipality, even though he rendered the services and exercised a greater degree of diligence than could legally have been required of him. 1 Dillon on Mun. Corp. (5th ed.) sec. 427; *City of Decatur* v. *Vermillion, supra; May* v. *City of Chicago, supra.*

A further reason exists why appellant cannot recover in this case. The record shows that no appropriation for the appellant's overtime work as foreman was made. It was impossible, therefore, for city officials to create a liability against the city for that work. *May* v. *City of Chicago, supra,* and cases cited.

Counsel further contends that the judgment should be reversed because certain propositions of law held by the trial court were inconsistent. Conceding that all these propositions of law are not in harmony, on this record appellant was not injured thereby. On the undisputed facts as introduced in evidence by him, it is obvious that on another trial the finding and judgment must inevitably be the same as in this case. This being so, the error, if any, in the propositions of law should not reverse the case. *North Chicago City Railway Co.* v. *Town of Lake View,* 105 Ill. 207; *Chicago Union Traction Co.* v. *City of Chicago,* 202 id. 576; *Fuchs & Lang Manf. Co.* v. *Kittredge & Co.* 242 id. 88; *Borg* v. *Strauss,* 247 id. 462; *Hewitt* v. *Jones,* 72 id. 218.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*