## James Higler, Appellee, v. City of Cairo, Appellant.*

1. MUNICIPAL CORPORATIONS—*term of office of chief of police.* A chief of police of a city under a commission form of government holds office at the pleasure of the appointing power and is subject to removal at any time although he is appointed annually and presumably for a period of one year.

* Received from clerk of Appellate Court, August 8, 1927.

2. MUNICIPAL CORPORATIONS—*salary of chief of police.* The salary of a chief of police of a city under a commission form of government can be raised, lowered or entirely revoked at any time.

3. MUNICIPAL CORPORATIONS—*effect of acquiescence of chief of police in nonpayment for service in collecting tax.* A chief of police of a city under a commission form of government who has been given the duty by ordinance to collect a dog tax and to receive a percentage of the amount collected, will not be permitted to recover any part of the amount collected unless the law clearly gives him the right, where the city council in the year following the dog tax ordinance refused to allow him any part of the tax and he acquiesced in that decision for six years until he was about to resign.

4. MUNICIPAL CORPORATIONS—*right of chief of police to payment for collecting tax.* A chief of police of a city under a commission form of government who has been given the duty by ordinance to collect a dog tax and to receive a percentage of the amount collected, is not entitled to recover any part of the tax collected where no annual appropriation ordinance has made any provision for payment.

Appeal by defendant from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1925. Reversed. Opinion filed August 15, 1925.

DEWEY & CUMMINS and W. B. WARDER, for appellant.

JAMES LINGLE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court. Appellant adopted the commission form of government in 1913, and Walter H. Wood has been its mayor from thence hitherto. Appellee served as chief of police from May 1, 1916, until he resigned on April 28, 1923, having been reappointed every year. When first appointed his salary was fixed by ordinance at $100 per month and the same was afterwards increased to $115. An ordinance was adopted in October, 1916, which made it the duty of the chief of police to collect the dog tax and gave him 25 per cent of the amount collected and paid into the city treasury. Since he resigned he brought this suit to recover 25 per cent of

the dog tax and upon a trial before the court, without a jury, recovered a judgment for $1,130.50.

Mayor Wood says that soon after the passage of said ordinance he and appellee agreed that the latter should be reimbursed for all expenses incurred by him in collecting and killing dogs, but that he was not to receive any portion of the dog tax. Appellee admits .that in 1917 the Mayor gave him to understand that he would not be paid any part of the said tax, but he says that he never agreed to waive his claim thereto. During his service as chief of police appellee was paid his regular salary and was fully reimbursed for all of the expenses incurred in catching and killing dogs.

In January, 1917, appellee presented a bill of $13.50 for a portion of the dog tax and the same was allowed by the city council on February 5, 1917, while the mayor was absent from the city. Appellee presented another bill in March, 1917, and when the same came up for consideration Mayor Wood informed the council of the arrangement he had made with appellee and the bill was disallowed. The bill was then returned to appellee with an explanation as to why payment was refused. Appellee made no further claim for any portion of the dog tax until he presented a bill on February 21, 1923. The mayor then talked to him about that bill and it was withdrawn.

The term of the office of chief of police of a city under a commission form of government is not fixed by the constitution or by any statute. The chief of police may be removed from office at any time. Cahill's St. ch. 24, ¶¶ 348–352. While appellee was appointed annually and presumably for a period of one year, yet, he simply held the office during the pleasure of the appointing power and his salary could be raised, lowered or entirely revoked at any time without violating any constitutional provision. *Quernheim v. Asselmeier,* 296 Ill. 494. In fact the statute provides that the council may, by resolution or otherwise, prescribe,

limit or change the compensation of the chief of police. Cahill's St. ch. 24, ¶ 348.

Appellee held the office during the pleasure of the appointing power and was subject to removal at any time. The city council was expressly authorized to limit or change his compensation by resolution, or otherwise. It limited and changed his compensation in 1917 when it refused to allow him any part of the dog tax and he admits that Mayor Wood then gave him to understand that he would not be paid any part of that tax. Appellee acquiesced in that decision and for six years thereafter accepted his regular monthly salary without making any further claim to the dog tax. He did not bring the question up again until he was about ready to resign. It would be highly unjust to allow him to recover under the circumstances, and he should not be permitted to do so unless the law clearly gives him the right.

A county superintendent of schools was entitled, under the law, to $5 per day, but presented his claim for $4 per day, and the same was paid. He afterwards sued for the balance but the court held that he was not entitled thereto. *McHaney v. County of Marion,* 77 Ill. 488. A man was appointed by a city council as pond master at a fixed salary. He was also appointed a special policeman as an incident to the first office and was given to understand that he would receive no pay in the latter capacity. It was held that he was not entitled to recover for services as a policeman. *City of Decatur v. Vermillion,* 77 Ill. 315. Cahill's St. ch. 24, ¶ 92, requires city councils, within the first quarter of each fiscal year, to pass an ordinance, termed the annual appropriation bill, appropriating such sums as may be deemed necessary to defray all necessary expenses and liabilities of the corporation for the year. That ordinance is required to specify the object and purposes for which the appropriations are made and the amount appropriated for each object

or purposes ''No further appropriations shall be made at any other time within such fiscal year,'' unless under conditions not here involved. Paragraph 94, Cahill's St. ch. 24, of the said act prohibits the council, or any officer, or department of a corporation, from adding to the corporate expenditures, in any one year, anything above the amount provided for in the annual appropriation bill of that year, except as is therein specially provided. Paragraph 95, Cahill's St. ch. 24, of the said act provides that no expenses shall be incurred by any officer or department of the corporation unless an appropriation shall have been previously made concerning such expenses. Paragraph 102, Cahill's St. ch. 24, requires that all warrants drawn upon the city treasurer shall state the particular fund or appropriation to which the same is chargeable.

If appellant had desired to appropriate 25 per cent of the dog tax as a part payment of appellee's compensation as chief of police, it had the power and authority to do so. *McGovern v. City of Chicago,* 281 Ill. 264. It could only do so, however, by inserting a provision to that effect in the annual appropriation ordinance. *People v. Sergel,* 269 Ill. 619. So far as the record shows there was no appropriation made at any time for the payment of appellee's compensation other than his regular monthly salary. That being true, he failed to show that he was entitled to recover. *Fitzsimmons v. O'Neill,* 214 Ill. 494; *May v. City of Chicago,* 222 Ill. 595; *Gathemann v. City of Chicago,* 263 Ill. 292; *De Kam v. City of Streator,* 316 Ill. 123. Appellee was not entitled to recover, as a matter of law, under the undisputed facts, and the judgment is reversed.

*Reversed.*