**Fred Habryl, Appellee, v. County of Cook, Appellant.**

**Gen. No. 39,971.**

Opinion filed February 1, 1937.   Rehearing denied February 15, 1939.

THOMAS J. COURTNEY, State's Attorney, for appellant; MARSHALL V. KEARNEY, WILLIAM J. TUOHY, JACOB SHAMBERG and BRENDAN Q. O'BRIEN, Assistant State's Attorneys, of counsel.

NICHOLSON, SNYDER, CHADWELL & FAGERBURG, of Chicago, for appellee; JOHN R. NICHOLSON and JAMES I. JOHNSON, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a judgment for $1,022.70, entered against the defendant in an action of assumpsit instituted by the plaintiff to recover compensation in addition to his regular salary for work performed after hours by the plaintiff, a regular employee, as deputy assessor of the county assessor of Cook county, which order herein appealed from commands the defendant to pay to the plaintiff a certain sum for overtime compensation, together with his costs.

The complaint filed by the plaintiff states that he was employed by the defendant in the assessor's office of Cook county during the years 1933 and 1934 and was in charge of the records section of the administrative service division; that the statutes of the State of Illinois during the said years, and up to the present time, provide that the number and compensation of deputies shall be determined annually by the county board, and such compensation shall be paid from the county treasury, and that the salaries or rates of compensation of all officers and employees of the county, when not otherwise provided by law, shall be fixed by the board of commissioners prior to the adoption of the annual

appropriation, and shall not be changed during the year for which the appropriation is made; that pursuant to said statutes the board of commissioners of Cook county duly adopted appropriation bills for the years 1933 and 1934, providing for extra help and overtime, setting forth the rate of compensation for extra men as "not to exceed $1.05 per hour for overtime or on holidays or Sundays," further providing: "Overtime at the rates herein specified may be paid to regular employees from such appropriation as may be made for extra men," and further providing: "That the salaries or rates of compensation of all officers and employees of the County . . . shall not be changed during the year for which the appropriation is made"; that the plaintiff received during the fiscal year 1933 a salary of $199.76 per month, and during the fiscal year 1934 a salary of $238 per month, which sums were in accordance with the appropriation bills; that plaintiff, while employed as aforesaid, during the period from September 1, 1933, to October 1, 1934, performed overtime work at the special instance and request of defendant in accordance with a schedule set forth therein, in a total of 974 hours; that immediately prior to the time the overtime services were rendered, plaintiff was paid for his overtime services at the rate of $1.05 per hour, pursuant to customs and usages obtaining in the assessor's office which necessitated employment of a night force to assist in doing the work which the day force was unable to do; that the major part of the overtime was spent in supervising a night force, an extra service rendered by the plaintiff at defendant's special request.

Count two of the complaint is an *indebitatus* count in assumpsit for labor and services performed by the plaintiff for the defendant of the value of $1,022.70. The complaint demands judgment against the defendant for said sum, to the date of filing the suit.

The answer of the defendant filed subsequent to a motion to strike denies each and every allegation in the complaint, and states for a second and separate defense that the defendant is governed by the provisions of the statutes of Illinois providing that "the salaries or rate of compensation of all officers and employees of the County, when not otherwise provided by law, shall be fixed by the Board of Commissioners, and shall be fixed prior to the adoption of the annual appropriation, and shall not be changed during the year for which the appropriation is made";

The answer further states for a third and separate defense that the Cook county appropriation bills for the years 1933 and 1934, in providing that "overtime at the rate herein specified may be paid to regular employees from such appropriation as may be made for extra men" are directory and not mandatory in nature.

It further states that the required authorization was to be given by the board of county commissioners or by the county assessor for the doing of and the payment for overtime work; that the board of county commissioners did not at any time authorize or contract to pay for overtime compensation to the plaintiff for the period from September 18, 1933, to October, 1934; that the plaintiff filed his claim for overtime compensation for said period with the board of county commissioners on January 3, 1934, and it was placed on file, no other action having been taken thereon; that the county assessor of Cook county signed a certain order which provides that division heads would, with the consent of the county assessor, authorize overtime in their respective departments, and provides that employees working overtime shall sign a time sheet, and further provides what action shall be taken in order that an employee may be paid for overtime services.

The cause having been transferred to a nonjury cal-

endar was heard by the trial court without a jury, and evidence was introduced by both parties. The trial court sustained the contention of the plaintiff and entered a judgment for $1,021.65, together with costs, and thereupon the defendant filed its notice of appeal.

The provisions of the Constitution of 1870 and the statutes of Illinois both require that the compensation or salary of county officers shall be determined in a fixed and certain amount by the county board in its annual appropriation bill and further provide that the compensation of no officer shall be increased or diminished during his term of office. This provision is contained in art. X, sec. 10, of the Constitution, and is in part as follows:

"The county board, except as provided in section 9 of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery and other expenses. . . . Provided, that the compensation of no officer shall be increased or diminished during his term of office, . . . ." And further, the Illinois statutes (Ill. Rev. Stat. 1937, ch. 120, sec. 282 [Jones Ill. Stats. Ann. 119.324]) provide as to deputy assessors, as follows: "The number and compensation of the clerks and the deputies (other than the ex-officio deputies) shall be determined annually by the county board and such compensation shall be paid from the county treasury." It also is provided by said statute, ch. 34, sec. 64 (9) [Jones Ill. Stats. Ann. 33.069], as follows: "The salaries or rate of compensation of all officers and employes of said county, when not otherwise provided by law, shall be fixed by the board of commissioners and shall be fixed prior to the adoption of the annual appropriation, and shall not be changed during the year for which the appropriation is made."

Plaintiff was a county officer during all of the period for which he claims overtime compensation. The

county board of Cook county created a special position for him with a designated and fixed salary by providing for such position and salary in its annual appropriation bills of 1933 and 1934. The plaintiff received his entire salary as appropriated for each of the years 1933 and 1934, but he now claims additional compensation for overtime work performed by him from September 18, 1933, to October 1, 1934, relying upon the provisions contained in the appropriation bills for the years 1933 and 1934, as follows:

"Compensation for Extra Help and Overtime.

"Extra men by the day (eight hours to constitute a work day when the employment is during ordinary business hours, and five hours to constitute a work day when the employment is outside of ordinary business hours, or during the night or on holidays or Sundays) at not to exceed $5.25 per work day per man, and not to exceed $1.05 per hour for overtime or on holidays or Sundays. Overtime at the rates herein specified may be paid to regular employees from such appropriation as may be made for extra men."

Because of the provision we have just cited, the plaintiff contends that he is entitled to recover extra compensation on the theory that it of itself created a contract which was binding upon the defendant.

This is answered by the defendant in its contention that the county board had no power or authority to put said provision in the appropriation bills for the years 1933 and 1934, and that said provision is a violation of the above quoted sections of the statute in that the county board attempted thereby to confer an additional compensation upon regular employees whose salaries were fixed by the appropriation bill, thus increasing their compensation in violation of the constitutional and statutory provisions.

It appears from the record that the county board of Cook county created a special position for the plaintiff by setting up such position and salary in its annual appropriation bills of 1933 and 1934. This fact is admitted by the plaintiff in his brief, wherein he says: "During the fiscal year 1933 he was assigned the position of 'Principal Assessment Record Clerk' and received a salary of $199.76 per month. . . . During the fiscal year 1934 he was assigned the title of 'Supervising Assessment Record Clerk' and received a salary of $238.00 per month. His duties during the fiscal years 1933 and 1934 were the same, namely the supervision of the other clerks and comptometer operators." The salary was fixed by the county board pursuant to sec. 282 of ch. 120 of the Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 119.324], which provides that "the number and compensation of the clerks and the deputies . . . shall be determined annually by the County Board. . . ." In passing upon this provision of the statute, the court, in *People ex rel. Pollastrini v. Whealan,* 353 Ill. 500, said: "The express power constitutionally conferred upon the board of commissioners respecting such deputies and assistants is to fix their compensation. When that duty is performed in any given year, a change in the salary or rate of compensation during the year for which the appropriation is made is forbidden by statute. The legislative purpose not to permit changes in the salaries or rates of compensation of the deputies and assistants designated, except periodically and in the manner defined, is manifest."

The plaintiff, however, insists that the provision in the annual appropriation bill for extra time applies with equal force to regular employees, and by the provision of this particular appropriation a contract is implied that regular employees will be paid for overtime services at the rate provided for in the appropriation bill, but that contention does not meet the

objections that have been raised to the payment for this overtime service, and the test is whether having a fixed salary appropriated for his particular position he can also receive overtime compensation for services claimed by him to have been rendered for the number of hours set forth in his statement of claim.

A number of cases have been before the courts in this State, wherein this question has been considered, and in the *City of Decatur v. Vermillion*, 77 Ill. 315, one in the office of pound-master was held not to be entitled to extra compensation for his duties in his office as a policeman, on the ground that he had accepted a public office with a fixed salary. Likewise, the question was passed upon in *Gathemann v. City of Chicago*, 183 Ill. App. 210, wherein a foreman of machinists was held to be a salaried official not entitled to overtime compensation under an ordinance providing for overtime compensation for the regular employees, in the laboring class, whom he supervised, and the Supreme Court in affirming the judgment in 263 Ill. 292, held that he was a municipal officer, and could not recover under the facts and circumstances in that case. The same rule was applied to a deputy clerk, who as long as he had a stipulated appropriated salary could not legally demand overtime compensation. In *May v. City of Chicago*, 124 Ill. App. 527, affirmed in 222 Ill. 595, the court in that case said:

"The item in the appropriation in question for 1899 reads as follows: 'Extra clerks for special assessment work in city collector's office at $3 per day, $7800.' The item for 1900 is substantially the same. We do not think this item in the appropriation covers regular employees. Plaintiff was not an 'extra clerk' entitled to $3 per day. The Appellate Court rightly say that this clause of the appropriation ordinance 'means what it says and will not bear the construction contended

for.'" The Supreme Court cited with approval the case of *City of Decatur v. Vermillion*, 77 Ill. 315.

The defendant contends that the provision in the appropriation bills that regular employees may be paid for overtime does not obligate defendant to pay the plaintiff, on the grounds that such provision was not self-executing but required further action by the county board or county assessor creating liability for payment of additional compensation to the plaintiff, and no action having been taken, no contract was created obligating the defendant to the plaintiff.

Aside from the question of authority of the county board to appropriate moneys for overtime compensation to regular employees, it does not appear from the record that plaintiff was employed by any action of the county board or by the county assessor, and not having been authorized to do this particular work, the plaintiff, of course, would not be in a position to recover. The record is silent as to any act from which we could determine that the county board or county assessor authorized the employment of the plaintiff for this overtime service.

We are unable to agree with the theory of the plaintiff that the provision in the appropriation bills for overtime compensation of itself created a definite contract between the plaintiff and the defendant, and therefore obligates the defendant to pay plaintiff for the claimed overtime. This provision, if it is a proper one, is for the purpose of employing individuals to render overtime service, and of necessity there must be an indication that they are requested to perform such service by the proper officials. Such does not appear to be the fact from the record in this case. In *Mitchell v. City of Chicago*, 259 Ill. App. 301, the case was based upon the claim of a laborer who sued for overtime in excess of 8 hours constituting a day's work

at the rate of one and one-half times the daily wage earned. The ordinance relied upon is as follows:

"Provided, however, that in all cases of necessity or emergency, superintendents, foremen or others in authority are hereby authorized to work their employees such number of hours as such necessity or emergency may require; but for all labor performed in excess of 8 hours in any one day, such laborer or employee shall be entitled to and shall receive pay at the rate of time and one-half for all such labor performed. . . ." The court denied the laborer's claim for overtime compensation, and said: "The fact that the plaintiff worked more than eight hours a day would not entitle him to recover extra compensation under said ordinance, in the absence of an agreement. The facts in this case clearly indicate that it was not contemplated by the parties that the plaintiff was to be paid for time in excess of eight hours of work." The fact that overtime compensation was not agreed upon, this court denied the claim in *Sanitary District of Chicago v. Burke*, 88 Ill. App. 196, and said:

"But the mere fact that he has voluntarily worked more than eight hours a day does not of itself authorize a demand for extra compensation under the act in question, unless it should also appear that extra compensation was agreed upon, or was reasonably within the contemplation of the parties at the time."

The plaintiff seeks to overcome the authorities governing the question of overtime compensation. He took up the question of overtime with his immediate supervisor, stating that he expected to get paid for the extra hours he put in, and the supervisor said he would take the matter up with the assessor, which he did, and the supervisor reported to plaintiff that the assessor did not give him any definite answer as to whether the plaintiff would or would not be paid overtime. So that of itself would not indicate that the assessor authorized plaintiff's overtime employment.

We have considered the facts and questions that have been called to our attention and are of the opinion that the trial court erred in entering judgment for the amount claimed by the plaintiff. Therefore the judgment for $1,022.70 is reversed.

*Judgment reversed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.