The People of the State of Illinois, ex rel. L. P. Stenzel and Mack Morse, Plaintiffs-Appellants, v. V. K. Ireland, H. H. Ewing, and D. J. Cannon, Defendants-Appellees.

Term No. 60–O–15.

Fourth District.

December 13, 1960.

C. Robert Hall, of Cairo, for appellants.

Peyton Berbling and W. C. Spomer, of Cairo, for appellees.

CULBERTSON, P. J.

This cause is before us as a result of an action in quo warranto brought upon the information of L. P. Stenzel and Mack Morse, as plaintiffs, who claimed the right to hold offices of the Board of Fire and Police Commissioners of the City of Cairo, Illinois. It is alleged that the defendants, V. K. Ireland, H. H. Ewing, and D. J. Cannon, usurped and exercised said offices without lawful authority.

The City of Cairo operates under the commission form of city government, with a City Council elected every four years. The City Council which was elected in 1955 adopted, in 1958, the provisions of Article 14, Chapter 24 (1959 Illinois Revised Statutes, Chapter 24, Article 14), relating to the creation of a Board of Fire and Police Commissioners. The plaintiffs were appointed commissioners. A third commissioner appointed has since resigned and has no interest in this proceeding. The plaintiffs were appointed commissioners by the Mayor of the City of Cairo in February, 1958, before the adoption of the provisions of Article 14 of Chapter 24 referred to. In September, 1958, the City Council, by ordinance, abolished the Board of Fire and Police Commissioners of the city. Plaintiffs, however, continued to claim to be a lawful and legal Board and continued to exercise the functions of the Board of Fire and Police Commissioners. In April,

292

1959, a new City Council was elected, and in June of that year, the new City Council adopted an ordinance purporting to repeal the previous ordinance creating the Board of Fire and Police Commissioners and abolished such Board, and also adopted a new ordinance creating a Board of Fire and Police Commissioners. The new Council, by motion, seconded, and unanimously approved, discharged and removed plaintiffs as commissioners of the Board of Fire and Police Commissioners of the City of Cairo and in their place appointed defendants as members of such Board. Defendants filed their oath and bonds. The old Board consisting of the two plaintiffs however, continued to insist that they constituted the legal Board and refused to turn over the records and papers of the Board to defendants.

The issue before the Court was whether the new City Council had authority to remove plaintiffs as Commissioners of the Board of Fire and Police Commissioners, and whether in fact the Council did act within such authority.

██ It is apparent that the City of Cairo is subject to the provisions of Article 14 of the Cities & Villages Act (Chapter 24, Article 14, 1959 Illinois Revised Statutes). It is also apparent that plaintiffs, having been duly appointed and qualified, remained de jure members of the Board until their terms expired or they were removed according to law, as set forth under the provisions of the Act (Chapter 24, Article 14, Section 14–3; Chapter 24, Article 19, Section 19–48). Under the provisions of Section 14–3, Article 14, Chapter 24, 1959 Illinois Revised Statutes, after providing for the appointment of the Board of Fire and Police Commissioners it is provided that the Board shall be subject to removal from office in the same manner as other appointive offices of the municipality; and under the provisions of Chapter 24, Article 19, Section 19–46(d),

it is provided that the Council "shall have the right and power to appoint and discharge the Board of Fire and Police Commissioners." In Section 19–48, Article 19, Chapter 24, 1959 Illinois Revised Statutes, it is further provided that any officer who has been elected or appointed by the Council under the Act may be removed from the office at any time by a vote of the majority of the Council members.

The Circuit Court of Alexander County upon consideration of the cause found that the City Council was authorized by the statutes to discharge and remove plaintiffs as commissioners, and that on June 2, 1959, such plaintiffs were removed by action of the City Council, and that the City Council acting within the authority created by the statutes of the State, appointed the defendants as members of the Board; and that said defendants are lawful qualified members of the Board; and that the acts and doings of plaintiffs since the 2nd day of June, 1959 were unlawful and void. The Court then ordered the said plaintiffs to deliver to defendants the records, documents, and papers of the Board, and prohibited them from exercising any of the functions of members of the Board of Fire and Police Commissioners.

■ It is apparent that, under the statutes, the Council had the power to appoint and remove, and exercised such power by unanimous vote. This was done by motion to remove and a contention is made that the action on such motion was invalid and that it should have been done by ordinance. The motion was made and seconded, and unanimously approved. We find no authority for the proposition that action so undertaken by the City Council has no validity.

■ Plaintiffs had argued also that the Council could not remove them because their appointment was for a specified term. The statutes themselves provide for removal and such language authorizing removal

of the members of the Board of Fire and Police Commissioners would be meaningless if no power was vested in the Council to remove prior to the expiration of a specific term. In Higler v. City of Cairo, 245 Ill. App. 383, the Court sustained the proposition that an officer (Chief of Police) under a commission form of government, who holds office at the pleasure of the appointing power, is subject to removal at any time although he is appointed presumably for period of one year.

Some point is also made that notice, and presumably, a hearing should have been had as to the Board of Fire and Police Commissioners. While the statute provides for a specific method for suspension or discharge of firemen or policemen by setting up requirements or written charges, notice, and for a hearing on the charges, no such requirements are prescribed for removal or discharge of the members of the Board of Fire and Police Commissioners. The Council is given the right to remove such members, presumably without hearing or charges, or any reason given. The Court has no right to inquire into the discretion exercised by the Council or to review the manner of removal.

It is apparent from the record that the action was taken by the proper legislative authority, the City Council, to remove plaintiffs and to replace plaintiffs, as commissioners, by defendants. We must, therefore, conclude that the order of the Circuit Court of Alexander County was proper and should be affirmed.

Affirmed.

SCHEINEMAN, J., and HOFFMAN, J., concur.